THOMAS IRWIN, JR. *vs.* HARRIET G. C. SPRIGG.
*December,* 1847.

When a plaintiff may, by the exercise of ordinary care and diligence, avoid an injury arising from a nuisance, erected or maintained upon a public street in a populous city by the defendant, and did not exercise such care and diligence, he cannot recover damages for a personal injury arising from such nuisance  Under such circumstances, he must bear the consequences of his own folly.

An area intended to furnish light to the basement of the defendant's house, opened in the pavement of a public street, in a populous city, is a public nuisance of a dangerous character, which the owner of the house, when it was erected, and all subsequent purchasers, are bound to render secure. It is an act of wrongful negligence not to protect it from persons passing through such public street, and renders the possessor of the house liable for the accidents which may result therefrom.

It is no defence in such a case that the area was open, or had been opened, before the defendant became the possessor of the property; when he took possession, he was bound to guard against the danger to which the public had been before exposed.

APPEAL from *Baltimore* County Court.

This was a special action on the case, brought by the appellee against the appellant, as the possessor and occupier of a certain house, near unto a common street, in which said street

there was and is, a certain area before a certain basement window of, and belonging to the said house, for the purpose of admitting light into said window; that the defendant, &c. wrongfully permitted the said area to be and continue, without any fence, railing, cover or protection, by means whereof the plaintiff was injured and damaged, as stated in the proof. Plea, *non cul.*

The plaintiff, at the trial of this cause, offered in evidence by *Mrs. Stewart*, that on the evening of the 10th February, 1844, she, together with her sister, the plaintiff, were returning to witness' house, and in going down *Perry* street, (formerly called *Peace* alley,) on the footway, near defendant's house, the plaintiff fell or trod into an area made to light the cellar window of the defendant's house, and broke her leg, above the ankle, in two places; that said area is made by excavating the pavement leading along the *north* side of *Perry* street, designed for the convenience of foot passengers; that there is no foot pavement on the *south* side of *Perry* street, nor on the north side, except along defendant's house to his gate; that when said accident occurred, witness was walking before, and plaintiff near behind her, and plaintiff exclaimed that she had fallen into said area, and broken her leg. Witness assisted her to get out of said area, but she could not rise, and a gentleman, named *Banks*, came and assisted them, and the plaintiff was carried to witness' house, where a physician was sent, who set her leg; that she supposes said area was a yard deep, and perhaps more; but witness could not tell the width of the opening; that it was protected neither by bars, nor covering of any sort, for the last twelve years, nor before that, as well as she could remember, and was, in the opinion of witness, dangerous; that witness has lived in said street, formerly *Peace* alley, for nineteen or twenty years, to the east of the house of the defendant, and of the area into which the plaintiff, (her sister,) fell; that the footway between said area and the curb-stone is narrow, so as that it will not admit of two persons, walking side by side; that the weather was cold on that night, and there was snow on the ground, but this foot-

way was cleared of snow. And said witness being cross-examined, further stated that she had lived in *Perry* street, a few steps east of defendant's house, for nineteen or twenty years; that the plaintiff, her sister, lived in a court running from *Charles* street, about two squares off, and to the north-east of witness' dwelling, which is east of the defendant's house; that plaintiff visited witness very often; that the opening is very large, and is nearly as wide as the whole of the rest of the pavement; that there is a great descent in the pavement, in the direction in which the plaintiff and witness were going; that the area and window were on their left hand as they went along, and the right leg of the plaintiff was the one broken; that plaintiff is fifty-five or fifty-six years old. The area was covered soon after the accident occurred. That *Perry* street was formerly called *Peace* alley, and is of the ordinary width of alleys; two carts could not pass each other in it. On her examination in chief, witness further stated that plaintiff was confined to the house of the witness for five or six weeks, during which she suffered great pain and agony; and that although she can now use her limb, it is much impaired in strength.

The defendant proved that the house of the defendant had been built a great many years, forty or fifty years ago; that defendant purchased it twelve or thirteen years ago; that at that time the window and area were there, as they are now; that the area is a segment of a circle, whose widest part is twelve or thirteen inches; and that the footway left opposite to it is two feet six inches wide; that the whole footway is about three feet wide; and that a person using ordinary care and caution would not, in the opinion of the witness fall or step into said opening; that a person walking down said alley would be thrown off from the wall by the shoulder or arm, sufficiently far to prevent him from stepping into said area, and that it could hardly happen, unless the person rubbed against the wall; that such areas are very common in the streets and alleys of the City—particularly in houses built many years since; and that many of the areas before the houses of the City are much larger than this window, and no more protected.

The defendant prayed the court to instruct the jury:

1st. That if they find from the evidence that the plaintiff might, by the exercise of ordinary care and caution, have escaped the injury for which this action is brought, and did not exercise such care and caution at the time when the accident occurred, and that but for the want of such care and caution she would not have sustained the injury complained of, then the plaintiff is not entitled to recover, even if the jury shall believe that the injury was caused by falling into the window of the defendant.

2d. That the plaintiff is not entitled to recover for the injury complained of, unless the jury are satisfied from the evidence that the said injury was occasioned by the want of ordinary care and prudence on the part of the defendant, or some agent of his.

3d. That if, from the evidence in the cause, there is a reasonable doubt in the minds of the jury, whether said injury complained of by the plaintiff, was occasioned by the want of ordinary care and prudence on the part of the defendant, then the plaintiff is not entitled to recover.

4th. That the mere existence of the window, as proved in the cause, is not evidence of a want of ordinary care on the part of the defendant—there being no ordinance of the city forbidding it. The court, (PURVIANCE and LE GRAND, A. J.,) granted the first prayer, but refused to grant the second, third and fourth prayers, and each of them.

The defendant excepted.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By LLOYD for the appellant, and
By NELSON for the appellee.

MARTIN, J., delivered the opinion of this court.

This was an action on the case instituted in *Baltimore* County Court, by the appellee against the appellant, to recover

damages for an injury alleged to have been sustained by fall-
ing into an open area in front of the house of the appellant
on *Perry* street, in the City of *Baltimore*.  Issue was joined
on the plea of not guilty, and it is only necessary to refer with
particularity to that portion of the testimony which related to
the size and character of this area.

Upon this subject, the plaintiff proved at the trial of the
cause, that the area was made by excavating the pavement
leading along the north side of *Perry* street, and it was designed
to light the cellar window of the defendant's house.  That it
was about a yard deep; that it was protected by neither bars
nor covering of any sort for the last twelve years, and that it
was, in the opinion of the witness, dangerous.

That the footway between the area and the curb-stone is so
narrow that it will not admit two persons to walk side by
side.  The plaintiff also proved by a witness, that he had
measured the area, and that it was fifteen inches wide at its
widest projection into the pavement.

The defendant then proved by a competent witness, that the
house of the defendant had been built forty or fifty years since,
and that the defendant had purchased it twelve or thirteen
years ago; that at the time the defendant purchased the house,
the area and window were there, as they are now; that
they have not been altered; that the area is a segment of a
circle, whose widest part is twelve or thirteen inches, and that
the footway left opposite is two feet six inches; that the
whole footway is about three feet wide.  And on his cross
examination, this witness stated, that he remembered the area
before the defendant bought the house, and was satisfied that
the area is now as it was before the purchase, and that the
space left outside of the said opening, and between it and the
curb-stone for a footway, is double the width of the opening.
The plaintiff proved the nature and extent of the injury she
received ; and in this condition of the case, the counsel for the
defendant asked the court to give to the jury the following
instructions :

1st.  That if the jury find from the evidence that the plaintiff

might, by the exercise of ordinary care and caution, have escaped the injury for which this action is brought, and did not exercise such care and caution at the time when the accident occurred, and that but for the want of such care and caution she would not have sustained the injury complained of, then the plaintiff is not entitled to recover.

2d. That the plaintiff is not entitled to recover for the injury complained of, unless the jury are satisfied from the evidence that the said injury was occasioned by the want of ordinary care and prudence on the part of the defendant, or some agent of his.

3d. That if from the evidence in the cause there is a reasonable doubt in the minds of the jury, whether the said injury complained of by the plaintiff, was occasioned by the want of ordinary care and prudence on the part of the defendant, then the plaintiff is not entitled to recover.

4th. That the mere existence of the window, as proved in the cause, is not evidence of a want of ordinary care on the part of the defendant, there being no ordinance of the city forbidding it.

The first instruction was granted, and no doubt can be entertained about the correctness of the legal proposition embodied in that prayer, and affirmed by the court.

The established doctrine now is, that although the defendant's misconduct may have been the primary cause of the injury complained of, yet the plaintiff cannot recover in an action of this kind, if the proximate and immediate cause of the damage can be traced to a want of ordinary care and caution on his part. Under such circumstances he must bear the consequences of his own recklessness or folly.

In the case of *Batterfield vs. Forrester,* 11 *East.* 61, *Lord Ellenborough* said :—

" A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right.

" Two things must concur to support this action : an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." *Flower vs. Adam*, 2 *Taunt.* 314. *Lane vs. Crombie*, 12 *Pick.* 177.

It appears that under the law, as thus expounded by the court, the jury rendered a verdict in favor of the plaintiff, and have therefore negatived the idea that the injury she sustained was attributable to the want of ordinary care and caution on her part.

The *second, third* and *fourth* prayers addressed to the court, raised substantially the same question, and were intended to present this proposition : That under the circumstances of this case, the fact, that the defendant permitted this area to remain open, and unguarded, after he became the owner of the house to which it was appurtenant, could not be regarded, in legal contemplation, as constituting a public nuisance, particularly as this was the exact condition of the premises at the time he purchased them ; and that therefore he was not responsible, unless the jury were satisfied that the injury was occasioned by the want of care and prudence on his part. This proposition was over-ruled by the court, and we think correctly. The existence of an area, open and unprotected, like that described by the witnesses in this case, is an unauthorized and illegal obstruction of a public street in a populous city of a most aggravated and dangerous character, and is therefore a public nuisance ; and although the defendant did not originate the nuisance, yet as he subsequently became the owner of the house to which it belonged, the law imposed upon him the obligation to render it secure.

In *Coupland vs. Hardingham*, 3 *Campbell's Rep.* 398, an action was instituted against the defendant for negligence in not railing in or guarding an area before his house in *Wood street, Westminster*, whereby the plaintiff fell down into the area, and was severely hurt.

It appeared that before the defendant's house there was an area, which was descended to by three steps from the street, and from which there is a door leading into the basement story

of the house; there is no railing or fence to guard the area from the street; the plaintiff passing by in a dark night, fell in, and had his arm broken.

The defence set up was that the premises had been exactly in the same situation as far back as could be remembered, and many years before the defendant was in possession of them. But *Lord Ellenborough* held:

" That however long the premises might have been in this situation, as soon as the defendant took possession of them, he was bound to guard against the danger to which the public had been before exposed, and that he was liable for the consequences of having neglected to do so, in the same manner as if he himself had originated the nuisance. That the area belongs to the house, and it is a duty which the law casts upon the occupier of the house to render it secure."

The case of *Coupland vs. Hardingham,* which we have just cited from 3 *Campb.* 398, is similar in all its features to the one at bar, and we consider unnecessary to add a single word to the reasoning of *Lord Ellenborough* upon this subject. We think the ruling of the court below was correct upon all the points raised by the defendant's prayers, and that their judgment must be affirmed. **JUDGMENT AFFIRMED.**