JAMES OWINGS *vs.* JACOB JONES, by his next
friend, MARY JONES.

Where no question in regard to the pleadings was presented to the court
below, no such question can be considered by this court.

The doing of an *unlawful act* subjects the doer to *every* consequence which
flows from it.

Where property is demised, and at the time of the demise is not a nuisance,

and becomes so *only* by the act of the tenant while in his possession, and injury happen during such possession, the owner is not liable.

But where the owner leases premises which are a nuisance, or must in the nature of things become so by their user, and receives rent, then, whether in or out of possession, he is liable for injuries resulting from such nuisance.

Where a party sues for such injury, it is essential to his right to recover that he should prove that he could not have avoided the injury by the exercise of reasonable caution and care.

APPEAL from the Superior Court of Baltimore city.

This was an action on *the case,* brought by the appellee against the appellant, to recover damages for injuries received by falling into a vault, appurtenant to the property of the defendant and built under the foot pavement of Bank Lane, a public street in the city of Baltimore. The plaintiff was a free colored boy, from fourteen to sixteen years of age, and sued by his mother as next friend. The pleadings are sufficiently stated in the opinion of this court.

*Exception.* The facts proved in the case are fully stated in the opinion of this court. The defendant asked the following instructions to the jury:

1st. If they find from the evidence that the sewer connected with defendant's property was well and securely covered before the accident complained of, and that at the time of the accident defendant was not in possession of the property, then the plaintiff is not entitled to recover, even if the jury should find that defendant had not obtained the permission of the city commissioners and approval of the mayor previous to the construction of the sewer.

2nd. That if they find that at the time of the injury complained of defendant was not in possession of the property, having previously rented the same to Peters, as set out in the agreement of renting offered in evidence, and that Peters was in possession, then the plaintiff is not entitled to recover.

The court, (FRICK, J.,) refused these prayers, and instructed the jury, that if they find from the evidence that the sink in question was erected under the foot pavement, in violation of the ordinances of the city council, that is, without permission from the city commissioners, with approval of the mayor, and

was constructed and covered in such manner as to be unsafe for passers by in its ordinary condition, or that it was, from its construction, liable to be rendered unsafe in the necessary opening of it for the purpose of cleaning it, then they are at liberty to consider the same a nuisance erected by the defendant, for the continuance of which he is responsible, provided he rented or received rent for the premises; and provided, if they find as above, they also find the plaintiff sustained the injury as given in evidence by reason of such nuisance.

To the refusal to grant his prayers, and to the instruction of the court, the defendant excepted. The verdict and judgment were in favor of the plaintiff for $1300 damages, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*John Nelson* and *David Stewart* for the appellant, objected that the plaintiff does not *count* upon a *nuisance* from which the damage resulted, but upon the personal *negligence* of the defendant; that as long as it may be true in point of law that the *allegata* and *probata* must agree, so long will it be maintained that an action for *negligence* cannot be sustained by proof of a *nuisance* upon property not in *possession* of the defendant; that the *declaration* filed in the case assumes the averment of *possession* to be indispensable to a recovery, for the *first* count rests upon *possession* merely as a basis, while the *second* combines ownership and *possession* as the foundation for recovery. They then argued that the court below erred in rejecting each of the prayers offered by the defendant, as well as in the instruction given to the jury.

*1st Prayer.* This prayer affirms that if the jury should find, (of which there was clear evidence,) that the vault was well and securely covered before the accident complained of, it was no nuisance, notwithstanding the omission of the defendant in constructing it to comply with the provisions of the ordinances of the city, and that not being in possession of the premises when the accident occurred, however negligent may have been

the conduct of those who were in possession, he, as landlord, was not liable in this action. This proposition is sustained by the following authorities: 4 *Taunt.*, 649, *Leslie vs. Pounds.* 2 *H. Bl.*, 349, *Payne vs. Rogers.* 56 *Eng. C. L. Rep.*, 782, *Rich vs. Basterfield.* 4 *Term Rep.*, 318, *Cheetham vs. Hampson.*

*2nd Prayer.* This prayer, without reference to the character of the structure, asserts the non-liability of the defendant, because he was not in possession of the premises when the accident complained of occurred. In support of this proposition we cite 3 *Camp.*, 398, *Coupland vs. Hardingham.* 19 *Eng. C. L. Rep.*, 375, *Daniels vs. Potter.* 3 *Stephen's N. P.*, 2366.

3rd. That the instruction of the court was erroneous:—1st, because there was no evidence upon which the jury could have been justified in finding "that the sink in question was erected under the foot pavement in violation of the ordinances of the city council," inasmuch as there was no evidence that Bank Lane is a public street, to which only the ordinance applies. 2nd, because there is no such evidence of the sewer "being constructed and covered in such manner as to be unsafe for passers by in its ordinary condition, or that it was, from its construction, liable to be rendered unsafe in the necessary opening of it for the purpose of cleaning it." 3rd, because it does not put to the jury the material and indispensable inquiry, whether the plaintiff used reasonable and ordinary care to avoid the injury complained of. The case of *Irwin vs. Sprigg*, 6 *Gill*, 200, is conclusive on this point. See also 2 *Pick.*, 621, *Smith vs. Smith.* 11 *East*, 60, *Butterfield vs. Forrester.* 19 *Eng. C. L. Rep.*, 411, *Proctor vs. Harris.* The proof on this question being that the accident occurred in the day time, in a lane with which the plaintiff was perfectly familiar, and where an accident could not well have occurred without negligence on his part, it was for the jury to decide whether he used ordinary care. Now the effect of the instruction was, that whether there was or was not such reasonable care on the part of the plaintiff, the other facts being found by the jury, the plaintiff was entitled to recover, which is clearly

erroneous. To show that the burthen of proof on this point was on the plaintiff, we refer to 12 *Pick.*, 177, *Lane vs. Crombie*, and 6 *Cowen*, 191, *Harlow vs. Humiston.* And as to the difference in cases of accident by day and by night as to the rule of ordinary care, we refer to 2 *Eng. C. L. Rep.*, 350, *Weld vs. The Gas Light Co.*

*J. N. Steele, S. H. Tagart* and *James Malcolm* for the appellee, said that the objection based upon the pleadings in the case is not tenable, because no question was made in reference to the pleadings in the court below, and therefore under the settled law of this court no such question can be raised here. They then argued:

1st. That the first prayer of the defendant was properly rejected:—1st, because it does not submit to the jury the question, whether the sewer was so covered that the ordinary and necessary cleansing of it could be accomplished without rendering it unsafe. 28 *Eng. C. L. Rep.*, 220, *King vs. Pedley.* 23 *Do.*, 52, *King vs. Moore.* 4 *Denio*, 311, 317, *Fish vs. Dodge.* 2nd, because the construction by the appellant of a sewer, with its mouth opening into the foot pavement of a public street, in violation of the ordinances of the city, was an illegal act, for which he was responsible in damages to any person who might be specially injured thereby while in the customary and legal use of the street. 6 *Gill*, 200, *Irwin vs. Sprigg.* 31 *Eng. C. L. Rep.*, 92, *King vs. Ward.* 9 *Do.*, 407, *Greasly vs. Codling.* 3rd, because the mode in which the sewer was covered, which under this prayer was to shield the defendant from responsibility, if, *in the opinion of the jury*, the sewer was well and securely covered, was itself illegal and in violation of the express provisions of the city ordinances on the subject, and was therefore in itself a ground for the liability of the appellant for any special damage resulting from it.

2nd. That a sewer constructed under a public street with its mouth in the foot pavement thereof, and without the permission of the city commissioners and the approval of the mayor, and so covered as to be unsafe to passers by, or liable to be rendered unsafe in the proper and ordinary opening of it

for the purpose of cleaning it, is a nuisance, and he who lets premises with such nuisance upon or connected with them, is liable for the continuance of the same to any person who may be specially injured thereby. 5 *Coke's Rep.*, 101, *Penruddock's case.* *Cro. Jac.*, 555, *Brent vs. Haddon.* 2 *Salk.*, 460, *Rosewell vs. Prior.* 4 *Term Rep.*, 320, *Cheetham vs. Hampson.* 7 *Mees. & Wels.*, 455, *Thompson vs. Gibson.* 77 *Eng. C. L. Rep.*, 133, *Alston vs. Grant.* 10 *Mass.*, 74, *Staple vs. Spring.* 6 *Gill*, 425, *Smith vs. State.* 3 *Denio*, 306, *Waggoner vs. Jermaine,* and the cases cited under the first point.

3rd. That none of the objections urged against the instruction given by the court are valid. The *first* is answered by *ordinance* of 1846, No. 25, in force when the sewer was constructed, and which provides the mode in which vaults shall be covered "on the footways in the several *streets, lanes cr alleys of the city.*" As to the *second*, we say there was sufficient evidence for the jury to decide whether the sewer was constructed and covered in such a manner as to be unsafe for passers by in its ordinary condition, or that it was, from its construction, liable to be rendered unsafe in the necessary opening of it for the purpose of cleaning it. In reference to the *third* objection, it will be observed, that it was not urged in the court below, and is now raised for the first time. But the evidence shows there was no ground for such a defence. The proof is that the sink was in the foot-pavement *very near* to the door of Dr. Davis' carriage-house, and that it was *necessary* for the plaintiff *to pass and repass over the mouth of the sewer.* It was left the night before the accident with a broken and insecure covering upon it, and the plaintiff was found the next day in it crying for help, with his leg broken by the fall, and no evidence was offered by the defence of any want of care or caution on his part. It is submitted that this evidence made out a *prima facie* case for the plaintiff, and that there was nothing in it from which a rational mind could come to the conclusion that the accident was caused by want of care on his part. But the objection assumes, that the jury were directed that upon finding certain facts the plaintiff was *entitled*

v.9

*to recover.* This is not so. It only tells the jury that upon certain facts they are at liberty to find the sewer a nuisance, for the continuance of which the defendant was responsible if the plaintiff was injured by it. Given in this form, it did not shut out the defence before the jury, that the accident was caused by the plaintiff's want of care. It did not pass upon that point, and the counsel for defendant were at liberty to ask for an instruction upon it, or to argue it before the jury without an instruction. Further, the closing words of the instruction are, that the jury must find that the plaintiff sustained the injury *"by reason of the nuisance."* The plaintiff was bound by the instruction to prove that he sustained the injury, *by reason of the nuisance,* and, consequently, not by his own want of care or caution.

Le Grand, C. J., delivered the opinion of this court.

This is an appeal from the Superior Court of Baltimore city.

The action was brought in the court below, to recover damages for an injury alleged to have been sustained by the plaintiff from falling into a hole or vault opened under the pavement on a public street in the city of Baltimore, appurtenant to a lot fronting on said street, belonging to the appellant.

The declaration contained two counts, the first of which alleged, that the defendant (appellant) being *possessed of a certain messuage,* &c., "wrongfully *and unjustly made and opened* a certain hole leading to the vault and sink, under the said street, belonging to the same messuage and premises, *and unjustly and wrongfully placed and kept a weak and insufficient covering* upon the hole leading to the said vault and sink, *by means and consequence of which said wrongful; unjust and negligent, and improper conduct of the said defendant,"* the said plaintiff *"necessarily and unavoidably slipt and fell* into said vault," &c.

The second count alleged, that the defendant being *"the owner and possessor"* of the messuage referred to, situate on the public street therein described, and upon which there was *"a certain hole opening into a certain vault or sink under said street,* which the *owner and possessor,* and in *the possession,*

*occupation, use and enjoyment* of the said messuage, *"opened or caused to be opened,* and *negligently closed the said vault or sink and the said hole,"* by means whereof, &c., the plaintiff *"necessarily slipt and fell into the said vault,"* &c.

The defendant below plead not guilty, upon which the issue was joined.

At the trial the plaintiff offered evidence by the witness Sprague, that defendant was the owner of the messuage described in the declaration; that he first knew the property in 1850, when he rented a room in the house from William C. Peters. And by *Amos,* another witness, that he was one of the hands who cleaned the sewer in question with three other hands; that after cleaning it, in putting back the stone covering its mouth, said stone broke in half, although they were careful in letting it down; and by *Andrews,* that he had hold of the stone, and when letting it down he let go of it to avoid mashing his fingers, and it then broke. *That when taking it up it was so firm that four men had to raise it with picks.* It was about 2⅓ inches thick and 2½ feet square. A plank was put over it, but not more than a foot wide. That the stone had not then fallen in; that witness went back in the afternoon, when there was neither plank nor stone over the sewer, and that a new stone was brought about two hours afterwards. This was in August 1852.

The plaintiff further offered in evidence by Lindley Ellicott, that on the evening of some day in August 1852, hearing screams from Bank Lane, he proceeded to this sink, in which he found the plaintiff, who was withdrawn therefrom with ropes, and that there was no plank over the hole. That this occurred between five and seven o'clock in the evening.

He likewise offered evidence by said witness, that the plaintiff at this time was in the employment of Dr. Davis, who resided on St. Paul's street, whose carriage-house door was very near to this sewer, which was on Bank Lane, and it was necessary for the plaintiff to pass and repass over the vault of the sewer, and that the pavement under which it was opened was very narrow.

He then offered evidence by Drs. Smith and Jenkins of the nature and extent of the injury inflicted upon him.

The defendant, in the progress of the cause, offered in evidence the agreement of lease between himself and W. C. Peters, by which it appeared the property was leased for the term of seven years, Peters agreeing to pay therefor a certain annual rent; *but in no manner stipulating to keep the demised premises in repair, nor to cause to have kept cleaned the sink.* He also proved that possession of the property was taken by Peters between the months of January and April 1850.

The plaintiff gave in evidence the ordinances of the mayor and city council of Baltimore, No. 49 of 1838, and No. 16 of 1850, and having proved the vault was made in 1849, rested his case.

On this state of proof the defendant submitted to the court two prayers, both of which were rejected, and in lieu of them an instruction was given by the court of its own motion.

Before proceeding to notice the objections urged to the action of the court in regard to the instructions asked and given, we will notice one founded on the pleadings. It is said on behalf of the defendant, that the counts in the declaration relate to the alleged *negligence* of the defendant, and not to an injury arising from a *nuisance*, and therefore, under the proof in this cause, there could be no recovery. In reply to this objection, it is but necessary to say, there is no question in regard to the *pleadings* presented to us by the record. In the cases of *Leopard vs. Ches. & Ohio Canal Company*, 1 *Gill*, 227; *Stockton vs. Frey*, 4 *Gill*, 421; *Brooke vs. Waring*, 7 *Gill*, 5, and in the case of *Dorsey vs. Dashiell*, 1 *Md. Rep.*, 207, it is distinctly laid down, that where no question in regard to the pleadings was presented to the court below, none can be considered by this court. In the case now before us neither the prayers of the defendant, nor the instruction given by the court, make any allusion to the pleadings, and, consequently, under the decisions to which we have referred, they cannot now be considered.

The ordinances of the mayor and city council of Baltimore, already referred to, specify the manner in which vaults shall be constructed, and that permission to construct them shall be first obtained from the municipal authorities.

Owings *vs.* Jones.

It was not pretended at the trial below, nor has it been before us, that there had been a compliance with the requisitions of the ordinances; but, it is contended, as it was in the Superior Court, that this circumstance cannot, in anywise, affect the defendant in this proceeding. We think otherwise. The doing of an unlawful act subjects the doer to *every* consequence which flows from it. This is a principle of universal operation, and founded in good sense and public justice. He stands in a different light from one who does a legal act but does it so imperfectly that it may occasion injury. In the one case there is a positive and reckless contempt and defiance of the commands of the law, whilst, in the other, a mere carelessness, which, however culpable, is free from the charge of wilfulness.

The first prayer of the defendant is based on the idea, that if the jury should find from the evidence the sewer was constructed well and securely *before* the accident, and that the property at the time of the accident was in the possession of another than the defendant, then there can be no recovery in this case. The second proceeds on the hypothesis, that if the jury shall find the defendant had previously to the accident leased the premises, and at the time of the occurrence it was actually in the possession of another, then the defence is complete, notwithstanding all other circumstances in the cause.

A careful examination of the authorities satisfies us there is no foundation for either of the prayers. We have consulted them in the original reports, but inasmuch as they are very clearly brought together and discussed, both by court and counsel, in the case of *Rich vs. Basterfield*, 4 *Manning, Granger & Scott*, (56 *Eng. Com. Law Rep.*, 784,) we will content ourselves with a reference to that case.

After a full review of all the cases, and that too after a second argument, we understand the court to deduce, at least, the two following principles from the numerous adjudications to which reference is had:—*First.* That where property is demised, and at the time of the demise it is not a nuisance, and becomes so *only* by the act of the tenant while in his possession, and injury happen during such possession, the owner

is not liable; but, *Second.* That where the owner leases premises which are a nuisance, or must in the nature of things become so by their user, and receives rent, then, whether in or out of possession, he is liable.

We are of opinion, however, that the instruction of the court, actually given to the jury, was defective, in not requiring the jury to find that the plaintiff could not have avoided the accident by the exercise of reasonable caution and care. This is essential to the right of recovery of the plaintiff. *Irwin vs. Sprigg,* 6 *Gill,* 200.

*Judgment reversed and procedendo awarded.*