456

**HENRY v. COFFMAN et al.**
Civ. A. No. 83–M.

United States District Court,
N. D. West Virginia.
Aug. 24, 1949.

G. K. Kump, J. S. Zimmerman, Romney, W. Va., Clarence E. Martin, Jr., Martinsburg, W. Va., for plaintiff.

Ralph W. Haines, Romney, W. Va., Harry H. Byrer, Martinsburg, W. Va., for defendants.

BAKER, Chief Judge.

This case is before me upon a motion to dismiss the complaint and the amended complaint. The motion to dismiss is based upon three grounds; the first of said grounds being "because the said amended complaint fails to state a claim against the defendants upon which relief can be granted."

Taking the allegations of the complaint in the light most favorable to the plaintiff, we find that it sets forth the following facts:

That the plaintiff is a citizen of the State of Maryland, and the owner of a two-story brick and frame dwelling house with metal and shingle roof, known and designated as No. 444 Main Street, in the Town of Hancock, Maryland; that this house contained valuable personal property.

The defendants were the owners in fee simple of a two-story frame dwelling house with a frame shed attached to it, known

and designated as 442-443 Main Street, Hancock, Maryland, which adjoined the dwelling of the plaintiff, and was separated from it by a three-foot alley. That for a period of nine years prior to the year 1945, the defendant, George E. Coffman, had operated a dry cleaning and pressing business upon the defendants' property, and that in connection with said business, he had used an electric washing machine or agitator equipped with an open and exposed electric motor, and that a spark or sparks might emanate from this motor and might ignite the highly inflammable fluids used in connection with the dry cleaning business. That this fact was well known to the defendant, George E. Coffman.

In 1945, the defendants "sold" the business to one, J. H. Marks, together with the equipment and apparatus used therein by the defendants, and that from 1945 until September 23, 1947, the said J. H. Marks operated the dry cleaning and pressing establishment upon the defendants' premises, using the same equipment and materials which the defendant Coffman had theretofore used. That on September 23, 1947, a fire caused by sparks from the above-mentioned electric motor, took place upon the defendants' property, which communicated itself to the plaintiff's property and caused damages thereon to the extent of $13,446.27.

It should be noted that the complaint is not entirely definite as to the manner in which the defendant Coffman transferred his business to J. H. Marks. We do not know whether it was by lease or by some other method; however, reading the complaint as a whole and, as stated above, reading it in the light most favorable to the plaintiff, it is apparent that from 1945 until the time of the fire J. H. Marks was in possession of the premises, at least, insofar as the operation of the dry cleaning business was concerned. I will, therefore, in referring to Marks in this Memorandum designate him as a tenant, and in referring to Coffman designate him as a landlord.

I am sure that all parties will agree that the law of the State of Maryland controls the question now before me. The law on the subject generally is stated in 53 A.L.R., at page 330, as follows:

"Where the landlord's right to the possession and control of the leased premises is suspended during the term of the lease, his liability in respect of the possession is, as a general rule, likewise suspended as soon as the tenant takes possession. Hence, the landlord is not liable for injuries to an adjoining property due to a nuisance created by the tenant during the term or for injury to the adjoining property by the wrongful act of his tenant in keeping the rented premises in a dangerous or unhealthy condition. Nor is he liable for the manner in which the tenant carries on any business on the leased premises during his term."

A pioneer case in the State of Maryland and, in fact, in the United States generally, is that of Owings v. Jones, 9 Md. 108. In this case it was held:

"First, that where property is demised, and at the time of the demise is not a nuisance, and becomes so only by the act of the tenant while in his possession, and injury happens during such possession, the owner is not liable; and, second, that where the owner leases premises which are a nuisance, or must in the nature of things become so by their user, and receives rent, then, whether in or out of possession, he is liable."

In a later Maryland case, Maenner v. Carroll, 46 Md. 216, the Court said:

"If a landlord demises premises which are not in themselves a nuisance, or may or may not become such, according to the manner in which they are used by the tenant, the landlord will not be liable for a nuisance created on the premises by the tenant. He is not responsible for enabling the tenant to commit a nuisance if the latter should think to do so. (Citing) Owings v. Jones, 9 Md. 108. In such case, it may be said, in one sense, that the landlord permitted the tenant to create the nuisance, but not in such a sense as to render him liable."

There are numerous other Maryland cases to this same effect, the most recent

which I have seen being Beck v. Hanline Brothers, 1913, 122 Md. 68, 89 A. 377, but I deem it fruitless to cite them because no contrary holdings from that State have been brought to my attention.

A good statement of the law in the United States generally is found in the case of Midland Oil Company v. Thigpen, 10 Cir., 4 F.2d 85, at page 91, 53 A.L.R. 311, in which the Eighth Circuit Court of Appeals said:

"In order to make the landlord liable to the owner or occupant of adjoining property for injuries caused by the improper use of the demised premises by his tenant, the nuisance causing such injuries must necessarily result from the reasonable, ordinary and expected use of them by the tenant, or from the purpose for which they were leased; and if the use of the premises by the tenant may or may not become a nuisance according as the tenant exercises ordinary care, or uses the premises negligently, the tenant alone is liable. The landlord will not be liable for injuries caused by the misuse of the premises by the tenant merely because there was a manifest possibility of their being used in such a way."

Applying this law to the facts set forth in the complaint, we find a situation in which an owner of a building conducts a business therein for nine years without any damage resulting therefrom. He then leases the premises to a tenant who continues the safe operation of the business for two more years with the same equipment, then a fire results. I do not believe that under these facts there is any liability on the landlord for damages resulting from the fire. To hold the landlord liable, I would have to decide that at the time of the lease to Marks, the tenant, the landlord knew that the use to which Marks would put the property would constitute a nuisance. This knowledge is completely negatived by the landlord's safe operation of the same business for nine years. In order to permit recovery in this case I would have to hold that a dry cleaning establishment, which of necessity employs highly inflammable materials, is in itself a nuisance.

I, therefore, hold that the complaint and the amended complaint do not state a cause of action upon which any recovery can be predicated. In view of this holding it is unnecessary to consider the other grounds assigned in the motion to dismiss.

The parties are directed to agree upon a form of order, if possible, and if they can not so agree, to submit their views thereon to me at the Martinsburg September Term of Court.