## SUTTON *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 48, September Term, 1957.]

582

Decided November 25, 1957.

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

'Leroy W. Preston, for appellant.

Herbert O'Conor, Jr., Assistant City Solicitor of Baltimore, with whom were Thomas N. Biddison, City Solicitor, and Hugo A. Ricciuti, Deputy City Solicitor, on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by George D. Sutton, plaintiff, appellant, from the action of the trial judge in granting a motion for a judgment n.o.v., setting aside the verdict of a jury, and entering a judgment for costs for the Mayor and City Council of Baltimore, defendant, appellee, because of contributory negligence of the plaintiff as a matter of law.

Previous to January 4, 1955, plaintiff had had an operation

performed on his hip. This was successful and he had good use of his leg. He was able to walk at reasonable speed and could run if necessary. However, he endeavored to protect his hip at all times. On January 4, 1955, a clear, cold day, plaintiff alighted from a bus at the corner of William Street and East Fort Avenue in Baltimore and proceeded along the east side of William Street in the 1400 block going north to the office of his doctor. The front steps of the houses in that block projected out in the public sidewalk for varying distances. Several trees were planted along the sidewalk which was 10 feet in width. One of the trees was planted in front of 1423 where the steps protrude 3 feet 7 inches out into the sidewalk. This tree was surrounded by a tree box which was filled with broken bricks. The width of the concrete sidewalk, consisting of three defective blocks, from the edge of the steps to the edge of that tree box was 9 feet 9 inches. Another tree, approximately 20 inches in diameter, surrounded by a tree box 3 feet by 4 feet, was planted in front of 1421. The dirt in that tree box was at a lower level than the sidewalk and constituted a depression of approximately 6 inches. The width of the concrete sidewalk, consisting of two defective blocks, from the edge of the steps in front of 1421 to the edge of the tree box was 5 feet 5 inches. This sidewalk had been defective since 1952.

Plaintiff testified that he had been along this sidewalk on one or two occasions two or three months before. On January 4, 1955, he said he saw three trees ahead of him but did not see the tree boxes. He started up the street and said he watched for the pavement which was in a very bad condition in that block, not only in one spot but in quite a few spots. He passed one tree before arriving in front of 1423. As he approached 1423 he was walking closer to the houses and was watching the steps so he could walk around them. When he reached 1423 he was compelled to walk to the left to get around the steps where there were several defective places in the center of the sidewalk. He saw the tree in front of 1423 as it loomed up in front of him. He said he would not have seen the tree box even if he had been looking in the direction of the tree. He did not see the broken bricks at the

base of the tree because he was watching the defective places in the sidewalk and the steps which were in the way. He was watching the steps and the other defective areas in the sidewalk beyond the tree box in front of 1421. As he attempted to step around the tree in front of 1421 his left foot went into the depression at the base of that tree. This caused him to fall and break his right leg.

As contended by the plaintiff, the same degree of care to avoid accidents is not required by a pedestrian upon a sidewalk as by a person upon a city street. *Denbow v. C. & P. Telephone Co.*, 199 Md. 609, 615, 87 A. 2d 584, and cases there cited. Plaintiff here contends that, because his attention was distracted by the imperfections in the sidewalk and by the steps, he was relieved of the duty to observe the tree box into which he stepped. However, a party cannot walk upon an obstruction which has been made by the fault of another and avail himself of it, if he did not himself use common and ordinary caution. *Butterfield v. Forrester*, 11 East. 60; *Irwin v. Sprigg*, 6 Gill 200, 205, 206.

In *Mayor & City Council of Baltimore v. Mattern*, 133 Md. 14, 104 A. 478, relied on by the plaintiff, the plaintiff there, while carrying her seventeen months old child in her arms, stepped into a hole in the crosswalk of a street in Baltimore during daylight. The Court held that, as she was carrying her child, it was easy to understand why the hole could escape her attention and that she was not guilty of contributory negligence as a matter of law. In *Vannort v. Commissioners of Chestertown*, 132 Md. 685, 104 A. 113, plaintiff, 81 years of age, had known for two or three weeks that there was a hole in the sidewalk. After dark, the street not being lighted and the opening covered by snow, he fell into the hole. He testified that he thought the defendant had repaired the sidewalk. This Court held that he was not guilty of contributory negligence as a matter of law. Here, plaintiff admitted that he knew the defects still existed in the sidewalk.

In *Neely v. Brewer*, 194 Md. 691, 71 A. 2d 872, plaintiff, in passing through a dark passageway between plaintiff's and defendant's houses, ran into a scaffolding which had been placed there the day before. She knew it was there and

without looking to see whether it may have been removed struck it and was injured. This Court held that she was guilty of contributory negligence as a matter of law because she had no reason to believe that the scaffolding had been removed. In *Burns v. Mayor & City Council of Baltimore,* 138 Md. 582, 115 A. 111, the street on which the plaintiff lived was very narrow and the footways for pedestrians on either side were of brick. There was a hole in the sidewalk. A Mrs. Wyman called across the street to the plaintiff and, according to plaintiff's testimony, her eyes were directed toward Mrs. Wyman. She stumbled and fell into the hole in the sidewalk which had existed for three months or more. Plaintiff had seen the hole frequently and had knowledge of its existence. The Court there held that she was guilty of contributory negligence as a matter of law.

In *Duross v. Mayor & City Council of Baltimore,* 136 Md. 56, 110 A. 98, plaintiff, in broad daylight on a nice clear day, was walking down the sidewalk into the street. He stepped upon a board which rested at one end of the curb. As a result of the tilting of the board he was injured. This Court there held that the case was too plain a case of contributory negligence to need the citation of any authorities. It was there said: "He saw other boards lying around, so he says, and he had no right to assume that some pedestrian had not for his own convenience to avoid walking in the water rested the end of one of these boards on the curb. The condition of the street at that time was such as to warn any one using it of the necessity of using care. Any one who looked could not have failed to see that only six inches of the twelve inches board rested on the curb and that necessarily it would tilt with the weight of a heavy man stepping on the side of the board which did not rest on the curb."

Plaintiff relies most strongly on the case of *Denbow v. C. & P. Telephone Co., supra.* In that case the plaintiff was walking along the sidewalk and attempted to cross a narrow public alley with which he was familiar. As he stepped off the curb he was attracted by the activities of an employee of the Telephone Company, who was writing on a piece of paper against a coca-cola sign. Plaintiff then stepped off the

curb six inches high. A telephone helper stepped back. Plaintiff then stepped back out of the helper's way and stepped into a manhole which had been left open and totally unprotected by the Telephone Company's employees. The actions of the employees of the defendant diverted his attention upward rather than downward. This Court there held that the plaintiff was not guilty of contributory negligence as a matter of law.

It was said in *Benjamin v. Mayor & City Council of Baltimore*, 211 Md. 541, 550, 128 A. 2d 265: "If the mere sounding of an automobile horn from a parked car on a city street is sufficient diversion to excuse a pedestrian pushing a cart down the middle of that public street from negligence in stepping into a hole which he knew was there, practically anything happening out of the ordinary would excuse negligence in stepping into such a hole. To so hold would place a burden on a municipality which would be entirely unreasonable."

Here, according to plaintiff's testimony, the only diversion was the sidewalk, which he knew to be defective, and the steps protruding into the sidewalk, of which he was aware. Such defects known to him should make him more closely observe the sidewalk than under ordinary conditions. He stated that he was looking at the sidewalk. In looking down at a ten foot sidewalk it is difficult to understand why the plaintiff did not see the tree box. Rather than the defective sidewalk and steps acting as a diversion, it appears that, being known to the plaintiff, his attention was attracted to that area more than it ordinarily would have been.

Assuming, without deciding, that the City was negligent, we are therefore of opinion that the plaintiff was guilty of contributory negligence as a matter of law and that the motion for judgment n.o.v. was properly granted.

*Judgment affirmed, with costs.*