## PARKLAWN, INC. *v.* NEE, ET UX.

[No. 369, September Term, 1965.]

250

*Decided June 24, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Karl G. Feissner* for appellant.

*Calvin H. Cobb, Jr.,* with whom was *J. Dapray Muir* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

Suit was instituted in the Circuit Court for Montgomery County by Parklawn, Inc., plaintiff-appellant, against some forty-two defendants, who were alleged to be owners, lessors, and improvers of land near the plaintiff's cemetery. The declaration charged that:

> "These defendants have since 1962 graded, built up-
> on and otherwise developed their property for their
> economic benefit from its natural state into an indus-
> trial and commercial complex and use, in such a man-
> ner as to copiously increase the run-off of water, dirt,
> silt and debris onto the land of plaintiff. These defen-
> dants were negligent in failing to take, and in failing
> to have their agents, engineers, contractors and build-
> ers take reasonable precautions against the foreseeable
> consequences of their acts, and have maintained a nui-
> sance which is continuing to cause plaintiff damage
> and loss of valuable cemetery land."

Plaintiff sought damages as well as ancillary injunctive relief. Defendants-appellees Dermot A. Nee and his wife, Antoinette K. Nee, who were part owners of two parcels of real estate located near plaintiff's cemetery, filed a motion for summary judgment. In an affidavit accompanying the motion, the defen-

dants averred that the two parcels of real estate here in question had been leased by them in two separate leases, respectively to the Filderman Corporation and Giant Food, Inc., for a term of ninety-nine years, and that both parcels of real estate had been leased before the beginning of 1962. The defendants further averred that the building, grading, paving and all other improvements then existing on these parcels were undertaken by the lessees (or their agents, contractors, or sublessees), that no part of such improvements were "authorized or undertaken by affiants or their agents," and that they had in no other way participated in such improvements. The plaintiff filed no counter affidavits but instead argued that there were certain germane "questions of fact" raised by the conflict between portions of the lease agreements which the defendants had filed with their affidavit, and certain portions of Dermot A. Nee's deposition, which had been previously filed in this case. A hearing on this matter was held before Judge Walter H. Moorman on August 4, 1965, and on the same date the motion for summary judgment was granted in the defendants' favor. On August 26, 1965, plaintiff entered this appeal wherein the questions are whether there was presented any dispute as to a material fact, and if not, whether the defendants were entitled to a judgment as a matter of law.

Judge Alvey, speaking for this Court in *Maenner v. Carroll,* 46 Md. 193, 216, said:

> "If a landlord demise premises which are not in themselves a nuisance, but may or may not become such, according to the manner in which they are used by the tenant, the landlord will not be liable for a nuisance created on the premises by the tenant. He is not responsible for enabling the tenant to commit a nuisance, if the latter should think proper to do so. *Owings v. Jones,* 9 Md. 108; *Rich v. Basterfield,* 4 C.B. 805 [56 E.C.L. 782]. In such case, it may be said, in one sense, that the landlord permitted the tenant to create the nuisance, but not in such sense as to render him liable."

See also *Met. Savings Bank v. Manion,* 87 Md. 68, 83, 39 Atl. 90, wherein the above was quoted with approval. The "one sense"

referred to by Judge Alvey as not being the basis for liability was in the sense that the landlords permitted the work (excavation in that case) to be done by their "mere silence and failure to interfere, or by not taking active measures to prohibit the making of the excavation * * *" (p. 215 of 46 Md.).

The reason for the rule that a landlord, who leases his property for a term of years, is not liable for the nuisance caused solely by the lessee is that ordinarily such an owner does not have the ability to do anything to abate the nuisance during his tenant's term. See *Moretti v. C. S. Realty Company,* (R. I. 1951) 82 A. 2d 608, 612, 39 A.L.R. 2d 963. In the instant case the appellant argues that certain portions of the two leases here in question do contain provisions from which a trier of facts might find that the landlords in this particular case did retain such control over the demised premises by which they might abate the nuisance for which suit was brought. Appellant specifically points to six provisions contained in the Filderman lease and avers, without mentioning the precise clauses thereof, that provisions of "similar import" can be found in the Giant lease. The six provisions are that: (1) the buildings which are erected during the first five years of the lease will be compatible in design with a specified building which was already in existence, (2) once the initial improvements are made no building can be demolished for the last twenty-five years of the lease, (3) both parties could mortgage the premises, (4) landlord can terminate lease in case of rent default, (5) the landlord will, at lessee's request, grant adequate rights of way over landlord's adjoining property (the Giant tract) so that the lessee may install (and connect with) adequate water and sewer facilities, and (6) lessee had an option to purchase the fee but not until after 1970. No useful purpose would be served by discussing, individually, the above mentioned lease provisions because all of them show on their face that they do not come within a "judicial mile" of granting to the landlord power to come upon the demised premises during the term so as to abate the alleged nuisance involved in this suit.

Next, in its brief, the appellant quotes the following portion of Restatement, *Torts,* Section 837 :

"A lessor of land is liable for an invasion of another's interest in the use and enjoyment of other land, occurring while the lessor continues as owner of the land, which is caused by an activity carried on upon the leased land while the lease continues, if the lessor would be liable under the rule stated in § 822 [involving non-trespassory invasions] had the activity been carried on by him, and if

> (a) at the time when the lease was made, renewed or amended, the lessor consented to the carrying on of the activity, *or knew that it would be carried on* * * * (Emphasis supplied).

Applying what has been quoted above to the facts of this case appellant argues that there was a factual question as to whether the defendant-appellees knew that their property was going to be commercially developed. Assuming that there was such a factual question raised, it was not, standing alone, a material one. In order to prevent the granting of a motion for summary judgment the objecting party must show more than that there was a question of fact presented, he must, of course, also show that the resolution of that question will somehow affect the outcome of the case, *i.e.,* that it is a material fact. See Maryland Rule 610 a (1). Immediately following the relied upon portion of the Restatement is the following language which is not quoted in the appellant's brief:

"*and*

> (b) the activity, as the lessor should have known, *necessarily* involved or was already causing such an invasion." (Emphasis added.)

That Section 837 (a) and (b) of the Restatement represents the Maryland view on this subject is apparent from *Met. Savings Bank v. Manion, supra; Albert v. State, Use of Ryan,* 66 Md. 325, 337; *Maenner v. Carroll,* and *Owings v. Jones,* both *supra. Cf. Sherwood Brothers, Inc. v. Eckard,* 204 Md. 485, 490, 105 A. 2d 207. The deposition, leases, and affidavit, all filed by the defendant-appellees, do not contain any inconsistency or conflict which would show that there was a question of fact presented as to whether the landlord knew at the time

the leases were executed that commercial development would necessarily cause or was already causing this particular type of nuisance. The plaintiff-appellant did not raise the issue by counter affidavit and, from all that appears in the record before us, the landlords did not possess such particular knowledge. As indicated above, the issue whether the landlords had a more general knowledge that the land would be used commercially is immaterial.

Appellant also claims that there was a factual question whether the appellees consented to or authorized these improvements. We find no such conflict because a reading of the two leases affirmatively shows that the appellees did authorize their leased premises to be developed into a commercial complex, but this too is immaterial since there is nothing to show that there was raised a question of fact as to whether the appellees knew, or should have known at the time the leases were executed, that commercial development would necessarily cause an increase in water, dirt, silt and debris to come onto plaintiff-appellant's land. In fact, according to Parklawn's own declaration, this invasion resulted not by the nature of the project to be undertaken but by the allegedly negligent manner of constructing these improvements. Mere passive participation or silence, once the improvements had been undertaken by the lessees in the assertedly negligent manner, is not sufficient to impose liability on the landlord. *Maenner, supra,* p. 215.

Lastly, in its reply brief, the appellant also claims that a material issue of fact had been raised by an affidavit which was filed by the appellant's attorney and which was accompanied by a photocopy of a street dedication through one of the leased parcels, made by the Nees late in 1961. This contention is the appellant's most frivolous one. The affidavit and photocopy were both filed five days after Judge Moorman had granted a motion for summary judgment in appellee's favor. The purpose of the affidavit and photocopy of the dedication which were filed with plaintiff's Motion to Vacate Order of Court Granting Summary Judgment as to Defendants Nee, was to show that the Nees had falsely claimed in their affidavit that they had not participated in any manner in the development of the two parcels of land here in question. In fact, the dedication shows, at

most, that the Nees had participated in the development of this property before 1962, not after 1962 when the nuisance here complained of was allegedly started and thus does not put at issue a material question. In any event, the affidavit and photocopy were filed too late to controvert defendants' affidavit, Rule 610 a (3). Furthermore, this affidavit and photocopy are not properly in the record before us because the appellant has not appealed from the judge's failure to grant a motion to vacate the summary judgment.

*Judgment affirmed, with costs.*