# HOSIAH LUSTBADER

### *vs.*

## LOUIS ULMAN.

*Assumpsit—Express Contract—Work and Materials—Reasonable Value—Extra Work.*

In assumpsit for work and materials furnished in making repairs and alterations on a house, *held* that it was proper to exclude a question, sought to be asked of a builder, whether the house was a safe one to live in, this being immaterial to the issues.                                        p. 653

In an action to recover for work and materials furnished in the making of alterations and repairs on a house, under an oral contract, and also for certain extra work and materials, *held* that the evidence was sufficient to go to the jury in support of plaintiff's claim.                                   p. 653

Where there is a special contract, and plaintiff has performed part of it according to its terms, and is prevented by defendant from performing the residue, he may recover in general assumpsit the reasonable value of the work actually done and materials furnished.                                       p. 654

One who furnishes work and materials in addition to what is called for by his contract may, if these were ordered by defendant, recover in assumpsit the value thereof.        p. 655

*Decided January 10th, 1922.*

Appeal from the Baltimore City Court (DAWKINS. J.).

Action by Louis Ulman against Hosiah Lustbader. From a judgment for plaintiff, defendant appeals. Affirmed.

By the plaintiff's third prayer the jury was instructed as follows:

"The jury are instructed that they are not to consider any of the defendant's claims of set-off in this case unless the jury find that the same grew out of the labor and materials actually contracted for by the plaintiff and which should have been furnished by the plaintiff."

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*J. Royall Tippett,* with whom were *Simon Silverberg* and *Richard B. Tippett & Son* on the brief, for the appellant.

*Stephen W. Leitch,* with whom was *Edward L. Ward* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff sued the defendants, in the Baltimore City Court, in assumpsit, to recover a balance due for certain work done and materials furnished by the plaintiff in making certain repairs and alterations to a house or building, owned by the defendant, under an oral contract, and also for certain extra work and materials done thereon, at the request of the defendant. These additions and improvements were to be made to a building owned by the defendants, and known as No. 304 W. Biddle Street, Baltimore City.

A statement and account attached to the declaration shows the contract price for doing the work to have been $4,800, and the cost for certain extra work and materials was $703.50, making the entire claim $5,503.50. The sum of $4,600 appears to have been paid upon the claim, leaving an alleged balance of $903.50 for which this suit was instituted.

The plaintiff submitted to a judgment of *non pros* as to the defendant, Mollie Lustbader, and it was so entered. In the course of a trial before a jury, a verdict was rendered in favor of the plaintiff against the remaining defendant for the sum of $903.50. From a judgment entered on the verdict, this appeal has been taken.

There are two bills of exception in the record, one of which is from the ruling of the court on evidence, and the other presents the action of the court in rejecting the defendant's first prayer and in overruling the defendant's special exceptions to the granting of the plaintiff's first, second and third prayers.

The first exception, and the only one, to the ruling of the court upon testimony, was to the following question asked the defendant's witness, O'Connor, a builder, who had been engaged in the building business for fifty-one years: "Q. Now, Mr. O'Connor, I want you to tell the gentlemen of the jury whether or not you consider this job as done a safe one, or a safe house to live in?" An objection to this question by the plaintiff was properly sustained. The testimony sought to be elicited by the question was irrelevant and immaterial, and could not have reflected upon the questions at issue in the case. The work consisted of repairs to the house and a rear addition thereto. Whether the house was a safe one to live in was not essential or material to the issue in the case.

The witness, however, subsequently testified, without objection, that he found the work very defective and against the building cost, in quite a number of instances. So it is clear the defendant suffered no injury by the ruling set out in the first exception. *Nat. Bank of Washington* v. *Mordecai,* 133 Md. 419; *Duvall* v. *Ridout,* 124 Md. 198; *Packard Iron & Metal Co.* v. *Pearl & Co.,* 139 Md. 498.

At the close of the testimony, the court granted the plaintiff's first, second and third prayers. The defendant offered two prayers. The first was rejected and the second was conceded and granted. The defendant excepted to the action of the court in refusing his first prayer, and in overruling certain special exceptions to the plaintiff's first, second and third prayers, and this constitutes the second bill of exception.

The defendant's first prayer was properly refused. It was a demurrer to the evidence, and asked the court to instruct the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and their verdict must be in favor of the defendant.

There was evidence tending to support the theory of the plaintiff's case, and this being so, it was the duty of the court to have submitted the facts for the determination of the jury. The weight and value of the evidence, as disclosed by the record, in support of the plaintiff's case, was for the con-

sideration of the jury, upon proper instructions from the court, and the defendant's first prayer was, therefore, properly refused. *Balto. Elevator Co.* v. *Neal,* 65 Md. 438; *Jones* v. *Jones,* 45 Md. 154; *Burke* v. *Baltimore,* 127 Md. 560.

There was no error in the action of the court in overruling the defendant's special exceptions to the plaintiff's first, second and third prayers. The objection was based upon the contention that no evidence had been offered on behalf of the plaintiff, legally sufficient to support the hypothesis of the prayers that the work had been done, and the materials furnished, under the express oral contract.

It will be seen that the prayers do not in any way refer to the pleadings, and there was ample evidence set out in the record to support the theory upon which they were based.

The suit is upon the common counts in assumpsit, and there was no special count in the declaration on the verbal contract.

The law is well settled in this State, that where there is a special contract and the plaintiff has performed a part of it according to its terms, and is prevented by the act of the defendant from performing the residue, he may recover in general assumpsit for the work actually done, and the defendant cannot set up the special contract to defeat him. *Cromwell* v. *Chance Marine Co.,* 131 Md. 105; *Balto. & O. R. Co.* v. *Carter,* 133 Md. 556; *Alexander* v. *Capital Paint Co.,* 136 Md. 673.

In the present case there was evidence to the effect that the plaintiff furnished, under the contract, the labor and materials, including the extra labor and materials, and the completion of the contract was prevented by the defendant, although the plaintiff was ready and willing to complete the contract, as stated therein.

The plaintiff's first prayer correctly stated the law as applicable to this branch of the case, and was in effect that, if the jury shall believe from the evidence that the plaintiff and

defendant entered into a verbal contract whereby the plaintiff was to construct certain improvements and additions to property No. 304 W. Biddle Street, Baltimore, for the defendant, and that the plaintiff did furnish certain materials and work under the contract in connection with the improvements and additions, and shall further find that the plaintiff was ready and willing on his part to fulfill and complete the contract, but that the defendant refused to allow him to do so, then the plaintiff is entitled to recover in this action the reasonable value for such materials and labor furnished by the plaintiff under the contract less such payment, if any, as had been made by the defendant to the plaintiff on account thereof.

The plaintiff's second prayer related to the recovery for the extra work and materials, not specified in the contract but furnished by the plaintiff, upon the order and direction of the defendant, after the execution of the contract.

It is too clear for question, that the plaintiff could recover in an action of assumpsit for the value of such extra work and materials, if the facts be true, as stated in the record in the case, and the second prayer was, therefore, properly granted. *O'Brien* v. *Fowler*, 67 Md. 561; 1 *Poe, Pl. & Pr.*, secs. 103-104.

There was no error in the ruling of the court on the plaintiff's third prayer. There was evidence to sustain the theory upon which it was based, and it was otherwise free from objection.

Being of opinion, from a careful consideration of the record, that the case was properly submitted to the jury, upon the plaintiff's first, second and third prayers, and on the defendant's second prayer, which was conceded by the plaintiff, it follows that the judgment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*