EASTERN HEAVY CONSTRUCTORS, INC. *v.* FOX,
TRADING AS ASSOCIATED ELECTRICAL COMPANY

[No. 156, September Term, 1962.]

16

*Decided February 19, 1963.*

The cause was submitted on briefs to HENDERSON, HAM-MOND, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted on brief by *Rourke J. Sheehan* and *Lambert, Furlow & Sheehan* for appellant.

Submitted on brief by *Jerrold V. Powers* and *Sasscer, Clagett & Powers* for appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal is brought from a judgment in favor of the appellee, defendant below, rendered in the Circuit Court for Prince George's County, sitting without a jury, in the amount of $6,424.65, plus interest and costs.

Eastern Heavy Constructors, Inc., appellant (hereafter referred to as the contractor), and William W. Fox, t/a Associated Electrical Company, appellee (hereafter referred to as the sub-contractor), entered into a written contract on April 25, 1961, providing that the sub-contractor would, under the supervision of the contractor, provide the electrical work and materials for the Oxon Hill fire station (hereafter referred to as the owner), such work to be in strict accordance with the plans and specifications. The contract provided that the sub-contractor would receive the sum of $11,200 for the work and materials. The method of payment basically was to be on a monthly basis, upon application of the sub-contractor containing the values of the materials and work performed during that monthly period. Upon approval of the contractor and the owner's representative, the contractor was to pay the sub-contractor ninety per cent of the amount specified within five days

after the contractor received payment from the owner that month, the remaining ten per cent to be paid within ten days after the final payment by the owner to the contractor under the principal contract.

The contract also provided that no extra work or changes would be recognized or paid for unless agreed to in writing before the changes were made, and such writing should specify the extra work or changes desired, the price to be paid or the amount to be deducted from the contract price because of the revision.

Fox began work under the contract, and in the months of August, September, and October, made application to the contractor for partial payments, which were made in the total amount of $4,000. Some disagreements arose between the two parties and when the contractor failed to pay a $4,000 requisition filed by the sub-contractor on November 24, 1961, the sub-contractor, on February 2, 1962, filed a mechanic's lien claim against the contractor and the owner and the contractor appeared. On February 14, 1962, the contractor filed its petition for release of lien. On March 5, 1962, an order of court was obtained providing for release of the lien and for the sub-contractor to prove the validity of his lien or have the same declared void. Then, on March 27, 1962, the sub-contractor filed what is called, a cross-bill of complaint to enforce the lien, alleging that he had performed all that was required of him under the contract and that there was due and owing him $7,200. The contractor filed a subsequent answer denying that the work was completed, and certain other defenses not material to this appeal. A subsequent motion by the contractor for leave to file a counter-claim on another contract being denied, on May 22, 1961, at a hearing before Judge Gray, judgment was entered against the contractor for $6,424.65, with interest and costs. From this judgment the contractor appeals.

At the trial, there was a sharp conflict in the testimony as to whether appellee had left work undone or improperly performed. Judge Gray believed the version given by Fox that the work not completed was of a minor nature, somewhere in the money value of $46. There was testimony by appellant's president to the effect that appellee did not have a sufficient

number of men on the job when they were needed, which resulted in delays in the work of the masons and carpenters also working on the project. This testimony was disputed by appellee in his own testimony and by that of appellant's superintendent. Appellant claimed that appellee did not perform the work as specified, but substituted certain light fixtures for those which were specified, resulting in lower costs than those originally planned. The testimony indicated, however, that appellee substituted these more inexpensive fixtures with the approval of the building committee of the owner. Appellant also claimed that one supplier of the appellee notified it that appellee was in default in payment of a bill, and appellant paid this supplier directly. Appellee disputed this, and claimed that appellant made the first contact with the supplier at a time when appellee was not in default in order to widen the dispute between the parties.

Appellant makes three contentions which will be dealt with separately.

I

The first contention is that the chancellor committed reversible error in refusing to receive the evidence of a substantial reduction in cost to appellee due to his substitution of cheaper fixtures than the contract called for and in awarding him a judgment based on the full contract price even though the substitution was in violation of the contract terms.

When the appellant attempted to introduce evidence of a difference in cost between those light fixtures specified and those actually installed by appellee with the approval of the owner, Judge Gray sustained objections to its introduction on the ground that such evidence had no bearing on the liability between the parties, since the owner had accepted the changes. We think the chancellor was correct. There was testimony that although inexpensive fixtures were used, an additional row of light fixtures was added to the building, and such an addition would substantially wipe out any cost difference between the light fixtures specified and those actually installed. In any event, this evidence had no bearing on appellant's alleged liability to appellee, and was therefore irrelevant and immaterial. It did not reflect on the questions at issue in this case. *Lustbader v. Ulman,* 139 Md. 651, 653, 116 Atl. 567.

## II

The second contention is that the sub-contractor should not be awarded a judgment based on the full contract price where the contract provided that payments should be made only after receipt from the owner and a substantial amount due had not been paid by the owner.

Judge Gray, in his opinion below, found from the testimony that appellee's last requisition for payment, though not paid to appellee, had been paid to appellant by the owner. He also found that according to the terms of the contract, appellee was entitled to have his requisition honored, minus the ten per cent withholding until the owner paid the entire contract price to the contractor.

On an appeal from a court of equity this Court will not upset the determination of the chancellor on the evidence unless clearly erroneous. Rule 886 a. *Moran v. Moran,* 219 Md. 399, 149 A. 2d 399. Here again we think Judge Gray was correct and consequently will not disturb his ruling. In the case of *Rumsey v. Livers,* 112 Md. 546, 77 Atl. 295, the contract involved had a provision quite similar to the one in this case, whereby the sub-contractor was not to be paid until the contractor received payment from the owner. This Court said, in 112 Md. at page 552:

> "The payment of the compensation he [sub-contractor] had earned from the defendants [contractor] could not be perpetually postponed merely because the company refrained from paying its debt to the defendants or because they omitted or refused to enforce its collection."

In this case it is evident that the owner had paid to the contractor the amount of the sub-contractor's requisitions, although not the entire contract price. In conjunction with the fact that the testimony indicated the owner was satisfied with the electrical work, we see no reason why appellant should not pay to appellee the amount due under the last requisition.

## III

The third contention is that the contractor should not be

required to pay the final ten per cent where the parties agreed that such amount would not be paid until the contractor received final payment from the owner and the owner had paid considerably less than the final amount due.

The court below held that, as to the provision of the terms of payments under the contract, the withheld ten per cent was to be paid within ten days after the final payment by the owner under the principal contract. The reason for the non-payment by the owner was some conflict between the owner and the appellant. Judge Gray felt that this was something which had nothing to do with the appellee and that he should not be injured by non-payment due to a dispute not concerning him. We think that the quotation above from *Rumsey v. Livers, supra,* also applies here. Appellee has substantially performed his part of the contract in question. His remuneration should not depend upon a dispute between the owner and the contractor as to matters not concerning him. We, therefore, sustain the court below on this point.

There is one further point upon which some comment seems necessary. In appellee's brief there is a motion to dismiss this appeal on the ground that in the interim between the trial below and consideration of this appeal, the owner had paid the contractor the full amount due under their contract, and that the questions involved here are moot. Rule 835 b (7). We do not consider the questions moot. Evidently, the payment by the owner has not resulted in payment of the amount in dispute to appellee, since there is no stipulation between the parties nor release included in the record. Under these circumstances we find no merit in the motion to dismiss.

*Motion to dismiss denied. Judgment affirmed, with costs.*