FISHMAN CONSTRUCTION CO., INC., ET AL.
*v.* HANSEN, ETC.

[No. 252, September Term, 1964.]

*Decided April 28, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and BARNES, JJ.

*Charles W. Bell,* with whom were *Bell & Bell* and *John T. Bell* on the brief, for appellants.

*Henry J. Noyes* for appellee.

HORNEY, J., delivered the opinion of the Court.

In this suit for the balance due a subcontractor by a general contractor and its surety for work done and materials furnished on a school construction project, the principal question on appeal is whether the lower court erred in granting the motion of the subcontractor (Wilbur R. Hansen, t/a Hansen Plumbing and Heating Company) for summary judgment against the general contractor and its surety (Fishman Construction Company, Inc., and Security Insurance Company of New Haven, Connecticut). Secondary questions concern the failure of the subcontractor to comply with the subcontract with respect to claims for extras and as to the form of the affidavit prescribed by Maryland Rule 610 b.

Under an agreement made in March 1962, the subcontractor agreed to furnish all materials and perform all work in connection with the plumbing, heating and ventilation of a school building to be constructed in Montgomery County by the general contractor. The standard form of building subcontract, together with such additional insertions as were pertinent to the project, provided, in part, that the work was to be performed "in accordance with the general conditions of the contract between the owner [Montgomery County Board of Education] and the contractor" so as to reach final completion by February 1, 1963. Payments for materials and work were to be made as the project progressed in the amount of "ninety percent of the value of the work completed up to the first day of the month, as approved by the architect and the owner's representative." Other standard provisions stated that the subcontractor agreed to be bound by the terms and general conditions of the agreement between the general contractor and owner and

that the general contractor agreed to pay the subcontractor on demand for his work and materials less the retained percentage as the work progressed even though the architect failed to issue a certificate for any cause not the fault of the subcontractor.

While the record does not show when the subcontractor completed his work, the school has been in use since the fall of 1963, and suit for the balance due him was brought in February 1964. The declaration, alleging that the subcontractor had "fully performed the work under the contract in good and workmanlike manner" and that the general contractor "failed and refused to pay the balance due," was accompanied by the motion for summary judgment. The motion and supporting affidavit, to which were attached a copy of the subcontract and a summarized statement of the balance due the plaintiff thereunder, stated that the defendants had no defense to the claim, that no genuine dispute as to a material fact existed between the parties, and that the defendants were "justly and bona fide" indebted to the plaintiff in the "full and true sum" of $8947.23, which is slightly less than ten per cent of the original contract price. The defendants, in addition to filing the general issue pleas, filed an affidavit in opposition to the motion for summary judgment asserting in effect that the claim of the plaintiff was premature because the ten per cent due him under the subcontract was not payable until the owner, which had not approved and accepted the school building, had paid the general contractor the balance due it for constructing the school. The defendants, however, did not attach to or file with the opposing affidavit a copy of the contract between the owner and the general contractor, as the rule requires, and there was no explanation for the absence thereof. Furthermore, no claim was made that the subcontractor had not satisfactorily performed and completed his work or that the delay in finally approving and accepting the school building was caused by defects in the work done or materials furnished by the plaintiff.

The lower court, on the authority of *Eastern Constructors v. Fox,* 231 Md. 15, 188 A. 2d 286 (1963), granted the motion and entered a judgment in favor of the plaintiff against the defendants. Since the propriety of granting a motion for

summary judgment under Rule 610 d 1 depends on whether or not the pleadings, exhibits and affidavits show the existence of a genuine dispute as to a material fact, we think the plaintiff was entitled to a judgment as a matter of law on the facts of this case.

The appellants (defendants below) assign two reasons for the contention that granting the motion for summary judgment was improper. For one, they assert that the appellee (plaintiff below) should have filed a copy of the general contract or, in lieu thereof, should have given an explanation of its terms as it applied to him. For the other, they claim that the subcontractor was not entitled to be paid the balance due him until after the owner had approved and accepted the school building and paid the general contractor the balance due it. While the subcontractor agreed to perform the subcontract in accordance with the terms and conditions of the general contract, which was conceded to have contained a condition requiring the retention of a percentage of the monies due the general contractor until the owner had approved and accepted the school building, the contentions of the appellants overlook at least two important facts. First, although the subcontractor agreed that the general contractor should retain ten per cent of the value of work completed up to the first of a month, there is nothing in the subcontract to indicate that the general contractor had a right to continue holding the retained percentage. after the subcontract had been fully and satisfactorily performed. Secondly, there is nothing in any of the pleadings, exhibits and affidavits to indicate or even suggest that the work done and materials furnished by the subcontractor had caused the owner to refuse approval and acceptance of the school building.

As we see it, the burden of explaining the conditions of the general contract and showing compliance therewith was not on the appellee. Where, as here, the pleadings, exhibits and affidavits of the moving party set forth sufficient competent evidence to entitle him to summary judgment, it is incumbent upon the opposing party to present such evidence as will give rise to a triable issue of a material fact. *Guerassio v. American Bankers*, 236 Md. 500, 204 A. 2d 568 (1964). For in order to raise a triable issue, it must be shown by precise facts admis-

sible as evidence that there is a genuine dispute as to a material fact. *Mullan Co. v. I. B. M. Corporation,* 200 Md. 248, 151 A. 2d 906 (1959) ; *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624 (1954). That was not done in this case. On the contrary, it may be that the failure of the appellants to file a copy of the general contract prevented the lower court from construing those parts of the contract on which it intended to rely to show the existence of a genuine dispute. *Cf. Strickler Eng. Corp. v. Seminar,* 210 Md. 93, 122 A. 2d 563 (1956).

Although not involving a motion for summary judgment, it is apparent that the decision of this Court in *Eastern Constructors v. Fox, supra,* is dispositive of the question as to whether the subcontractor was entitled to be paid the balance due him before the owner had paid the general contractor. In that case, where the facts were for the most part the same as those in this case, but where, unlike the present case, it was specifically agreed that the retained ten per cent was to be paid after final payment was made by the owner, it was held that the subcontractor was entitled to be paid the retained percentage even though final payment had not been made due to a dispute between the owner and the general contractor which did not involve the subcontractor. For similar holdings in other jurisdictions, see *Thos. J. Dyer Co. v. Bishop International Eng. Co.,* 303 F. 2d 655 (6th Cir. 1962) and *Grady v. S. E. Gustafson Constr. Co.,* 103 N. W. 2d 737 (Iowa 1960). The rationale of those cases was to the effect that subcontractual provisions as to retainages—such as those with which we are concerned in the case at bar—are designed to postpone payments due a subcontractor, who was not at fault, for only a reasonable time after the completion of a project and not for such indefinite time as might preclude the subcontractor from bringing suit on a payment bond for work and materials. See Code (1964 Repl. Vol. 8A), Art. 90, § 11(d). Since it was not shown that the subcontractor was in anyway responsible for the dispute between the owner and general contractor, or the delay resulting therefrom, we hold that the subcontractor was entitled to summary judgment in this case.

As to the contention of the appellants that the appellee failed to comply with the terms of the subcontract concerning the

making of claims for extras, we need only point out that the opposing affidavit did not raise a triable issue of a material fact concerning the extras claimed by the subcontractor.

With respect to the final contention of the appellants that the supporting affidavit of the appellee did not comply with the form prescribed by Rule 610 b, we further point out that since this question was not raised below it may not be presented for the first time on appeal. Rule 885.

*Judgment affirmed; the appellants to pay the costs.*