## FENWICK MOTOR COMPANY, INC., ET AL. *v.* FENWICK

[No. 372, September Term, 1969.]

*Decided May 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Delverne A. Dressel*, with whom were *Andrew J. Krug* and *Dickerson, Nice, Sokol & Horn* on the brief, for appellants.

Submitted on brief by *Joseph D. Weiner* for appellee.

136

DIGGES, J., delivered the opinion of the Court.

We have been called upon to consider the propriety of granting summary judgment on a question of dependency in a workmen's compensation case, where the facts enumerated in the supporting affidavits are conceded for the purposes of the motion but where the inferences that can be reasonably drawn from them are hotly contested. Determining that the genuine dispute of fact contemplated by Maryland Rule 610 d includes disputes both over facts and factual inferences we must reverse and remand the case for further hearing.

The appellee, Louise B. Fenwick, is a mentally retarded child who was sixteen when her father was fatally injured in an accident arising out of the course of his employment at the Fenwick Motor Company in Leonardtown, Maryland. The accident occurred on September 27, 1968 at a time when Mr. Fenwick's average weekly salary and commissions amounted to $114.65. The appellee's mother, Anabel B. Fenwick, was employed at the Naval Air Station, Patuxent River, Maryland, and drew a weekly salary of $115.00. The widow and the deceased jointly received $75.00 a month for the rental of an apartment in their home. On the basis of these uncontradicted facts and the inferences drawn from them the Workmen's Compensation Commission found that Mrs. Fenwick was not dependent on her husband for support, and on appeal to the circuit court (removed from St. Mary's to Calvert County) the trial judge (Bowen, J.) upheld this phase of the Commission's finding. It is not before us as no further appeal was taken from this ruling.

In regard to the support of the daughter the mother testified as follows:

"(The Commission) As to the support of this child, did you and your husband jointly support her?
(Witness) Yes.
(The Commission) Did you pool your money, is that what you did with your money? Did you

pool it, put it in a bank together, did you keep it separate or how did you work your family finances?

(Witness) Well, I guess we pooled it. We didn't bank very much, we spent it all."

Later in the hearing she further testified:

"(The Commission) I'm talking about the money that was earned, did you just pool your money and he handled the money?

(Witness) No indeed, I handled my own.

(The Commission) You handled your own money?

(Witness) I spent my own and some of his.

(The Commission) And some of his. How much of his did you spend?

(Witness) Whatever I needed he always gave me.

(The Commission) And you never gave him any of yours?

(Witness) No, he never asked for it.

(The Commission) Did you have a joint checking account?

(Witness) We had a joint checking account, yes.

(The Commission) Did you have a joint savings account?

(Witness) No, we had no savings account except one little one I had at the credit union down where I work.

(The Commission) Well, did you contribute to the support of your daughter?

(Witness) I bought her clothes. I bought her everything extra that she wanted like a record player and records for it.

(The Commission) Well, is this essentially the only thing that you purchased for her out of your money, odds and ends that you're speaking of, clothes, record player, things of that sort?

(Witness) Yes, I guess so. . . ."

From this the Commission determined that the daughter was only partially dependent upon her father's support and awarded her $50.00 weekly benefits, the total payments not to exceed $9,000.00.

On appeal to the circuit court the appellants, employer and insurer, sought to affirm the Commission's determination through a motion for summary judgment. In their supporting affidavit they only incorporated the mother's testimony before the Commission. In the appellee's affidavit in opposition to this motion it was maintained in regard to the daughter's support

> "That the said deceased purchased and paid for all her necessities of life and gave her spending money and on some rare occasions, her mother purchased some clothes and playthings."

In addition, the claimants countered with a cross motion for summary judgment, urging a finding of total dependency.

Although Judge Bowen noted the sketchiness of the evidence, he determined there was no dispute over any material fact and concluded from the incorporated testimony and supporting affidavits that the child was totally dependent on her father. He increased the award accordingly. We find this to be error.

In a summary judgment proceeding even where the underlying facts are undisputed, if those facts are susceptible of more than one permissible inference, the choice between those inferences should not be made as a matter of law, but should be submitted to the trier of fact. *McDonald v. Burgess*, 254 Md. 452, 454, 255 A. 2d 299 (1969) ; *Liebergott v. Investment Bldg.*, 249 Md. 584, 241 A. 2d 138 (1968) ; *Reeves v. Howar*, 244 Md. 83, 90, 222 A. 2d 697 (1966) ; *M. & C. C. v. Allied Contractors*, 236 Md. 534, 544, 204 A. 2d 546 (1964) ; *Roland v. Lloyd E. Mitchell, Inc.*, 221 Md. 11, 14, 155 A. 2d 691 (1959) ; *White v. Friel*, 210 Md. 274, 285-86, 123 A. 2d 303 (1956).

In *Talley v. Dept. of Correction*, 230 Md. 22, 28, 29, 185 A. 2d 352 (1962) another workmen's compensation case, the facts were also conceded and we held :

"It is true that where the facts are conceded, undisputed, or uncontroverted, and the inferences to be drawn therefrom are plain, definite and undisputed (which is not the case here, the issue being considered controverts an accidental personal injury to the claimant), their legal significance is a matter of law to be determined by the court, but where the facts, or inferences therefrom, or both, are in dispute, such questions are to be determined by a jury (or where the case is submitted to the court, by the judge as questions of fact, not of law), and the jury (or the court sitting to determine questions of fact) is entitled to weigh and evaluate the evidence, and may disbelieve evidence, even though it is 'uncontradicted.' "

See, *Tavel v. Bechtel Corporation*, 242 Md. 299, 219 A. 2d 43 (1966).

Indeed, had the question of dependency been decided against the claimant on the basis of the record presented here we would have invoked our specially enunciated rule for this type of case.

"In workmen's compensation cases where there is any evidence that would rationally support a conclusion of total dependency as opposed to the theory of a prayer for a directed verdict, this Court has held that the issue should be submitted to the jury." *Bituminous Constr. Co. v. Lewis,* 253 Md. 1, 4, 251 A. 2d 888 (1969).

See *Richard F. Kline, Inc. v. Grosh,* 245 Md. 236, 244, 226 A. 2d 147 (1967) and *Jewel Tea Co. v. Blamble,* 227 Md. 1, 4, 174 A. 2d 764 (1961).

In this case we are not confronted with the problem of the trial court declining to submit the issue of total dependency to the trier of fact. On the contrary the mistake that was made here was to decide a factual issue all too readily in favor of the claimant. While we are

not unmindful of the liberality to be accorded claims under Article 101 of the Maryland Code, *State v. Richardson, Admrx.*, 233 Md. 534, 541, 197 A. 2d 428 (1964), we must conclude that in a summary judgment proceeding where there is a reasonable basis for a dispute over material factual inferences, it is not the function of the court to resolve them as a matter of law. The court's function at this stage of the proceedings is to determine if there is a genuine dispute of fact, including factual inferences. Implicit in Judge Bowen's overturning the findings of the Commission is a conclusion that the inferences they drew were wrong. While it is possible the Commission could have been dead wrong, the facts presented here suggest a reasonable basis for a dispute over the inferences to be drawn from them. That being the case summary judgment was inappropriate.

Appellant has additionally asserted that the claimant failed to meet the burden of proof necessary to overcome the prima facie correct decision of the Commission, apparently suggesting that she had a burden of additional proof. We have dealt with such a contention before. In *Williams Constr. Co. v. Bohlen*, 189 Md. 576, 580, 56 A. 2d 694 (1948) we held:

> ". . . where the Commission has considered evidence of essential facts, and has drawn one of two different permissible inferences, there may be imposed upon the party attacking the decision of the Commission merely a burden of persuasion, and not necessarily a burden of additional proof. He may rely upon identically the same evidence that was presented before the Commission. The provision of the Act placing the burden of proof upon the appellant means only that he must prove in the trial Court what he asserts. His burden is to convince the Court or the jury that the Commission decided incorrectly in interpreting the facts, or deducing the inference from the facts, or construing the law applicable to the facts."

This has been cited with approval in *Blake Construction v. Wells*, 245 Md. 282, 287, 225 A. 2d 857 (1967), and *Sica v. Retail Credit Co.*, 245 Md. 606, 612, 227 A. 2d 33 (1967). Moreover, if the mother's testimony was inconsistent or equivocal, the assertion in the affidavit that she only made contributions of luxury items to her daughter on "rare occasions" would seem to add further support to the daughter's claim.

> *Judgment reversed. Case remanded for further proceedings. Appellee to pay the costs.*