## MARSHALL *v.* WOODS

[No. 168, September Term, 1970.]

*Decided December 8, 1970.*

16

The cause was submitted on brief to HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

Submitted by *Irving B. Grandberg* for appellant.
No brief filed on behalf of appellee.

SMITH, J., delivered the opinion of the Court.

Appellant Webster Marshall (Marshall) complains that summary judgment on a promissory note should not have been entered against him. We shall affirm.

The declaration of the appellee, Lee A. Woods (Woods), was based on a promissory note dated April 1, 1967, in the amount of $20,000.00. Pursuant to Maryland Rule 610, he filed a motion for summary judgment with the declaration. The motion was supported by the affidavit and he gave the notice as required in each instance by Maryland Rule 610. The affidavit said in part:

"[The] Note was given in consideration for the sale of common stock of Whitehouse Caldwell, Inc., a Virginia corporation. The Note is in default in that no part of the principal or interest

has been paid, although demand has been made in due course."

After Woods' exception to Marshall's demand for particulars had been sustained, Marshall made a motion for arbitration to which was appended the agreement of April 1 relative to the sale by Woods to Marshall of the common stock of Whitehouse Caldwell, Inc. Neither the motion nor the contract refuted Woods' allegation.

The answer to the motion for summary judgment was not filed until exactly six months after the suit was filed. Pleas were filed about two weeks previously. This Court has from time to time chided the Bar for its inattention to the Maryland Rules of Procedure. See, for instance, the very recent case of *Isen v. Phoenix Assurance Company,* 259 Md. 564, 270 A. 2d 476 (1970). It would appear that the answer of Marshall, prepared by former counsel, was not filed in strict compliance with the timetable contemplated by Maryland Rule 610.

The affidavit in opposition to the motion for summary judgment stated:

"The promissory note upon which this suit is based was executed by me in consideration of the purchase of the stock of Whitehouse Caldwell, Inc., a Virginia Corporation. This stock was purchased in accordance with the terms of a stock purchase agreement which provided that the corporation's sole asset was to be the Mister Softee master franchise for the Virginia-North Carolina area. Following the purchase of this stock and execution of the promissory note in question, I learned that the Mister Softee franchise had been terminated prior to my purchase of the stock as evidenced by the attached letter marked Exhibit A, therefore, the stock represented no tangible asset and was totally worthless. Consequently, the promissory note upon which this suit is based lacked a legal and valid consideration."

The letter referred to as "Exhibit A" said that Woods could not transfer the franchise without approval of Mister Softee, that the approval was never given, that the last royalties paid were for the month of March, 1967, and "the authorized franchised Distributorship" was "terminated in March 1967", both of which dates are consistent with the April 1, 1967, contract.

A demand for admission of relevant facts was filed by Marshall. No answer was filed by Woods. After a hearing relative to a motion to compel arbitration and as part of an order relative to arbitration, the circuit court directed that the time for answering the demand for admission (which had already expired) should be extended "until completion of arbitration, or until the Court rules that the Defendant has failed to take substantial steps [to arbitrate]". When the court subsequently ruled that Marshall, who initially requested arbitration, had "failed to take substantial steps" in that direction, summary judgment was entered against Marshall.

Marshall here points to that portion of Code (1968 Repl. Vol.), Art. 7, § 1 which provides that written agreements to submit a matter to arbitration are "valid, enforcible and irrevocable, *save upon such grounds as exist at law * * * for the revocation of any contract*" (Marshall's emphasis), states that the allegation here is lack of consideration which is a ground "for the revocation of the note as well as the agreement", and concludes, "[N]o arbitration was available in this case by law, under the alleged and admitted facts, set forth in the pleadings." For purposes of our decision we shall assume, without deciding, that Marshall was correct in this regard.

For purposes of the decision we likewise shall regard as admitted the relevant facts concerning which demand was made. They were:

> "1. The note upon which suit has been brought herein, is part of a transaction wherein a transfer was to be made by the Plaintiff and the Corporation controlled by him of his

alleged ownership for the states of Virginia and North Carolina known as Mister Softee franchise.

"2. That at the time of the transaction and the date of said note; namely, April 1, 1967, neither the plaintiff nor the corporation aforesaid owned or had any further interest in the aforesaid franchise and could not transfer or sell the same.

"3. That the owner of the franchise involved, of which the plaintiff or the corporation under his control formerly held franchises for the States of Virginia and North Carolina was and is Mister Softee, Inc., of Runnemede, New Jersey.

"4. That the statements set forth in the attached photo copy of letter of Mister Softee, Inc. of Runnemede, New Jersey, dated July 10, 1968, are true."

The July 10, 1968, letter is also the letter to which reference was made in the answer to the motion for summary judgment.

The contract between the parties stated in part:
"Seller makes no representation whatsoever as to the status of the Mr. Softee franchises held by Whitehouse Caldwell, Inc."

That the assets included something more than the Mr. Softee franchises is apparent when it is noted that the contract states:

"Buyer covenants that he will cause Seller to be advised on or about April 1, July 1, October 1, and January 1, of each year as to the number of Mr. Softee trucks the corporation has sold during that year and how many are in operation at these times under its Mr. Softee franchise."

The law relative to summary judgment procedure was succinctly summarized by Judge Singley for the Court in *Lipscomb v. Hess,* 255 Md. 109, 257 A. 2d 178 (1969):

"The limitations on summary judgment procedure are too well known to require elaboration. It is not a substitute for trial but a hearing to determine whether a trial is necessary, *Whitcomb v. Horman,* 244 Md. 431, 224 A. 2d 120 (1966); *Strickler Engineering Corp. v. Seminar, Inc.,* 210 Md. 93, 122 A. 2d 563 (1956), when there is no genuine controversy, *Pullman Co. v. Ray,* 201 Md. 268, 94 A. 2d 266 (1953). The purpose of the hearing is not to determine disputed facts, but to determine whether such issues exist. *Horst v. Kraft,* 247 Md. 455, 231 A. 2d 674 (1967); *Carroccio v. Thorpe,* 222 Md. 38, 158 A. 2d 660 (1960); *Tellez v. Canton R.R. Co.,* 212 Md. 423, 129 A. 2d 809 (1957); *White v. Friel,* 210 Md. 274, 123 A. 2d 303 (1956). If facts are susceptible of more than one inference, the inferences must be drawn in the light most favorable to the person against whom the motion is made, *Lawless v. Merrick,* 227 Md. 65, 175 A. 2d 27 (1961), and in the light least favorable to the movant, *Howard Cleaners of Baltimore, Inc. v. Perman,* 227 Md. 291, 176 A. 2d 235 (1961); *Roland v. Lloyd E. Mitchell, Inc.,* 221 Md. 11, 155 A. 2d 691 (1959)." *Id.* at 118.

If Marshall wished to prevent entry of a summary judgment against him, it was incumbent upon him to present such evidence as would give rise to a triable issue of a material fact. To do this he was obliged to show by precise facts admissible in evidence that there was a genuine issue as to a material fact. *Foreman v. Melrod,* 257 Md. 435, 441, 263 A. 2d 559 (1970); *Fishman Const. Co. v. Hansen,* 238 Md. 418, 422-23, 209 A. 2d 605 (1965); and cases cited in *Fishman.* This Court has made abundantly plain that a mere formal denial by the defendant of a plaintiff's claim is insufficient to prevent entry of summary judgment in favor of the plaintiff. *Meola v.*

*Bethlehem Steel,* 246 Md. 226, 239, 228 A. 2d 254 (1967) ; *Evans v. Johns Hopkins Univ.,* 224 Md. 234, 238, 167 A. 2d 591 (1961) ; *Burrell v. Frisby,* 212 Md. 181, 185, 129 A. 2d 75 (1957) ; *Tellez v. Canton Railroad Co.,* 212 Md. 423, 427, 129 A. 2d 809 (1957) ; and *Frush v. Brooks,* 204 Md. 315, 320-321, 104 A. 2d 624 (1954).

The pleadings, depositions and admissions on file, together with the affidavits, do not show a genuine dispute as to any material fact. The only attempted dispute is that relative to the franchises. The contract clearly stated there was no representation as to the status of the franchises. Accordingly, Woods was entitled to summary judgment. It is not enough to claim a defense. Facts must be shown.

*Judgment affirmed; appellant
to pay the costs.*