## SHATZER *v.* KENILWORTH WAREHOUSES, INC.

[No. 294, September Term, 1970.]

*Decided March 2, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Paul J. McGarvey* for appellant.

*Thomas B. Yewell* for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal is from a summary judgment entered by Judge McCullough in the Circuit Court for Prince George's County on May 18, 1970, for $7,600.00, for four months' rent at $1,900.00 a month, in favor of the appellee, Kenilworth Warehouses, Inc., plaintiff below (Kenilworth), against the appellant, Bernard R. Shatzer. The principal question presented to us is whether or not a genuine issue of a material fact was raised by the pleadings and affidavits filed by the appellant. Another issue in regard to whether or not a prior judgment for $3,800.-00 for two months' rent between the same parties under the same lease was res judicata on the issue of the renewal of the lease by the appellant. For reasons, hereinafter stated, we are of the opinion that we need not reach and determine this second issue.

On April 15, 1969, Kenilworth filed an action in debt (Law No. 40,164) in the Circuit Court for Prince

George's County against Shatzer to recover $3,800.00 for rent at $1,900 a month for the months of February and March, 1969. The Declaration had filed with it a Motion for Summary Judgment, notice to the defendant Shatzer, affidavit and copy of a lease between the parties dated July 15, 1962, for a certain described warehouse property in Prince George's County. The lease provided for an original term of five years ending on July 14, 1967, and for an option by the tenant Shatzer to renew the lease for an additional period of five years. Paragraphs 5 and 6 of the lease provide as follows:

"5. That in consideration of the rental of said property and the sum of ONE DOLLAR to the lessor in hand paid, the lessor does hereby let unto the lessee the following option:

"THE LESSEE may at the expiration of this lease renew the same for an additional period of five (5) years, beginning the 15th day of July, 1967, and ending on the 14th day of July, 1972, at and for the sum of One Hundred Fourteen Thousand—($114,000) Dollars, Payable in equal monthly installments of One Thousand Nine Hundred ($1,900) Dollars, on the 15th day of each and every month in advance during said term.

"6. That the option to renew this lease shall be subject to all of the conditions, covenants and agreements in this lease contained, and that the lessee shall notify the lessor, in writing, of its intention to renew said lease sixty (60) days before the expiration of the present term hereby demised."

The rent for the original five-year term was $114,000.00 payable in equal monthly installments of $1,900.00 on the 15th day of each month. The leased premises were to be used by the tenant for conducting "a general trucking, warehouse, storage and terminal business."

In Paragraph 11 the tenant covenanted to pay the rent

and "to keep the premises in good repair." The landlord, Kenilworth, in Paragraph 12 agreed that "except as otherwise provided in Clause 11 of the Lease, . . . to maintain the exterior walls, roof, and pay for any capital expenditures required in maintenance of heating system. . . ."

Kenilworth's affidavit was in proper form, recited the execution of the lease, the unpaid amount of the rent of $1,900 a month for the months of February and March, 1969, the demand for payment and the failure of the tenant to pay the rent for the two months.

The tenant Shatzer filed three pleas to the Declaration, i.e., (1) that he was not indebted as alleged; (2) that the defendant tenant on January 3, 1969, gave the plaintiff landlord notice to terminate the lease and vacate the premises on February 14, 1969; and, (3) that on or about January 15, 1969, the Prince George's County Inspector found the demised premises "in a bad state of repair and a menace to the safety of the occupants so defendant vacated the premises." The defendant, however, filed no affidavit in opposition to the Motion for Summary Judgment and on July 31, 1969, the Circuit Court (Meloy, J.), after the argument of counsel, entered a summary judgment for the plaintiff, Kenilworth, for $3,800.00 with interest from date and costs. A motion to vacate this summary judgment was filed on August 29, 1969, with a supporting affidavit. This motion was denied on December 8, 1969. The judgment was paid by the defendant, Shatzer; and the case was entered "Dismissed" by counsel for the plaintiff on March 26, 1970.

On February 11, 1970, Kenilworth filed a new action in debt (Law No. 43,338) in the Circuit Court for Prince George's County to recover the rent for the months, April, May, June and July, 1969, at $1,900.00 a month or a total of $7,600.00. In the declaration, the execution of the lease of July 15, 1962, was alleged. It was further alleged that the defendant tenant had not paid the rent for February and March, 1969, had vacated the demised premises in January, 1969, with the lease "in full force and effect and a valid and outstanding obligation of the

defendant," and a judgment for $3,800.00 had been obtained by the plaintiff against the defendant in Law No. 40,164 for the two months' rent and that, although the plaintiff had endeavored to rent the premises after the tenant had vacated them, the plaintiff had only been able to rent the premises in the month of August, 1969, so that the tenant owed the landlord four months' rent amounting to $7,600.00.

Again, Kenilworth filed a Motion for Summary Judgment, an appropriate notice to the defendant, affidavit and a copy of the lease of July 15, 1962.

The defendant, Shatzer, filed pleas and an "Answer" to the plaintiff's Motion for Summary Judgment alleging that the plaintiff was not entitled to summary judgment "since the defendant is not indebted as alleged" and reference was made to the attached affidavit of Shatzer in opposition to the plaintiff's Motion for Summary Judgment. After stating that he had personal knowledge of the facts thereafter set forth, Shatzer admitted the execution of the lease of July 15, 1962, but stated that it terminated by its own terms on July 14, 1967; that the plaintiff did obtain a judgment against the defendant for $3,800.00 for the two months' rent for February and March, 1969; that Shatzer did not renew the lease; that the plaintiff "did in fact rerent the premises and in any event did occupy the premises in question after January 1969 when the defendant vacated; that the plaintiff failed to provide a safe and habitable premises and the defendant was notified by the Building Inspector for Prince George's County and said premises were found by said Inspector to be in a bad state of repairs and a menace to the safety of the occupants." Shatzer concluded, therefore, that the rent for April, May, June and July, 1969, was not due and owing to the plaintiff.

The defendant, Shatzer, then on March 26, 1970, filed a Motion for Summary Judgment against the plaintiff, Kenilworth, and filed an affidavit of Shatzer in support of his Motion for Summary Judgment which stated that the affiant had personal knowledge of the facts; that the

parties entered into the lease of July 15, 1962, "which by its terms expired on July 14, 1967; that neither party to said lease agreement, plaintiff or defendant, executed a new lease or renewed said lease; that in January 1969 the defendant did vacate the premises since the Building Inspector for Prince George's County notified the defendant that the premises were not safe for occupancy."

A counter-affidavit by the president of Kenilworth recited that he was personally aware of the facts and competent to testify in regard to them. He further stated in the affidavit that in paragraphs 5 and 6 of the lease the option to renew is given; that no new lease was executed between the parties because no new lease was contemplated by the terms of the lease; that pursuant to the terms of the lease the defendant by an attached letter of March 21, 1967, indicated his intention to renew the lease; that the lease in paragraph 12 obligated the landlord to maintain only the exterior walls, roof and pay for any capital expenditures required in maintenance of the heating system, and the defendant tenant had not alleged that the unsafe conditions mentioned in his affidavit were due to any defects in the roof, exterior walls or heating system and in any event, no demand on the landlord for repairs or the refusal thereof had been alleged. The letter of March 21, 1967, on the stationery of Century Delivery Service (the trade name of Shatzer), signed by Shatzer and addressed to Kenilworth is, in relevant part, as follows:

> "I had some work done that we felt would improve our office and the office of our clerical employees. I guess I did take a little too much for granted.
> "Since we are going to renew our lease with you for another five years I had hoped that you would stand the cost of these minor improvements. I do believe you should bear the cost of the toilet facilities repairs since this had to be done. However, if you are of the opinion that we

are liable please advise me and the bill will be adjusted accordingly."

Judge McCullough, after hearing arguments by counsel, concluded that there was no genuine dispute in regard to any material fact and that the plaintiff was entitled to judgment as a matter of law. He was of the opinion also that the judgment in Law No. 40,164 was res judicata in Law No. 43,338—the present case—on the issue of the renewal of the lease by the tenant. He entered a summary judgment for $7,600.00 with interest and costs in favor of the plaintiff on May 18, 1970. The defendant filed a timely appeal from that judgment.

In our opinion, the pleadings and affidavits do not raise a genuine dispute in regard to a material fact and the plaintiff was entitled to judgment as a matter of law. We shall, accordingly, affirm the summary judgment in favor of the plaintiff and appellee.

Maryland Rule 610 d 1 provides that a Motion for Summary Judgment shall be rendered "if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."

This Court has decided a number of cases construing Rule 610. Their effect was well summarized quite recently (January 5, 1971) by Judge Finan, for the Court, in *Brown v. Suburban Cadillac, Inc.*, 260 Md. 251, 272 A. 2d 42, 44, as follows:

"The purpose of a hearing on a motion for summary judgment at the trial level is not to try the case on its merits, but rather to decide whether any real dispute as to material facts exists. *Lipscomb v. Hess*, 255 Md. 109, 118, 257 A. 2d 178 (1969). If the pleadings, depositions, admissions, and affidavits (if any) show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law, then summary

judgment should be granted. Maryland Rule 610 d 1; *Groves v. Alexander,* 255 Md. 715, 719-721, 724, 259 A. 2d 285 (1969), cert. denied 397 U. S. 1023, 90 S. Ct. 1263, 25 L.Ed.2d 532 (1970); *Lawless v. Merrick,* 227 Md. 65, 69-70, 175 A. 2d 27 (1961). Conversely, if there is a genuine dispute as to any material fact, summary judgment would not properly be granted. *Hilton v. Williams,* 258 Md. 285, 289, 265 A. 2d 746 (1970); *Tellez v. Canton R.R. Co.,* 212 Md. 423, 431, 129 A. 2d 809 (1957). Cf. *Fenwick Motor Co. v. Fenwick,* 258 Md. 134, 138, 265 A. 2d 256 (1970), and cases cited therein.

"An appellate court, in reviewing a motion for summary judgment, should be concerned primarily with deciding whether or not a factual issue exists, and in this regard, all inferences should be resolved against the party making the motion. *Hilton v. Williams, supra,* 258 Md. at 288, 265 A. 2d 476; *Lipscomb v. Hess, supra,* 255 Md. at 118, 257 A. 2d 178; *Lawless v. Merrick, supra,* 227 Md. at 70, 175 A. 2d 27. Be that as it may, when the moving party has set forth sufficient grounds for summary judgment, the party opposing the motion must show with some precision that there is a genuine dispute as to a material fact. *Foreman v. Melrod,* 257 Md. 435, 441, 263 A. 2d 559 (1970); *Fishman Const. Co. v. Hansen,* 238 Md. 418, 422-423, 209 A. 2d 605 (1965), and cases cited therein. And, the opposing party must make such a showing by facts which would be admissible in evidence. Maryland Rule 610 b; *Foreman v. Melrod, supra; Fishman Construction Co. v. Hansen, supra; Strickler Engineering Corp. v. Seminar, Inc.,* 210 Md. 93, 100, 122 A. 2d 563 (1956)." [1] [footnote 1 omitted]

See also *Marshall v. Woods,* 260 Md. 15, 271 A. 2d 357 (1970).

In view of the applicable law as set forth in *Brown*, we have concluded that the opposition of the appellant, Shatzer, to the appellee's Motion for Summary Judgment was not sufficient to show any genuine dispute over a material fact and that the granting of that motion by the lower court was proper.

The appellee, Kenilworth, as landlord established a *prima facie* right to recover the unpaid rent for the four months in question by the lease of July 15, 1962, and the notice of intention to renew the lease given by the tenant to the landlord by the tenant's letter of March 21, 1967, mailed and received by the landlord more than 60 days before July 14, 1967. In addition to this giving of written notice of intention to renew, the tenant admits in his affidavit that he remained in possession of the demised premises until the month of January, 1969, some 17 months after the expiration of the original five-year term on July 14, 1967. The execution of a *new* lease was not required by the lease of July 15, 1962, as the tenant contended in his affidavit, the lease providing, as we have stated, that the same rent, terms and conditions continue for the additional period of five years upon the notification by the tenant to the landlord of intention to renew 60 days prior to the expiration of the original term on July 14, 1967. The tenant, Shatzer, also admitted in his affidavit of March 13, 1970, in opposition to the landlord's Motion for Summary Judgment, that the landlord had obtained a judgment against the tenant for $3,800.00 "for rent for the period February and March, 1969," which obviously is in no way inconsistent with the renewal of the lease by the tenant. The tenant asserts the bald allegation that he "did not renew the lease" but, as we have observed, such a bald statement is insufficient to raise a genuine dispute about a material fact.

The statements in the tenant's affidavit of March 13, 1970, that the landlord had "failed to provide a safe and habitable premises" and that the Building Inspector had found the premises to be "in a bad state of repairs and a menace to the safety of the occupants" are not only bald

allegations, but ignore the provisions of the lease that the tenant shall "keep the premises in good repair" and that the landlord was to "maintain the exterior walls, roof and pay for any capital expenditures required in maintenance of heating system." There is no statement that the alleged findings of the Building Inspector in any way involved the exterior walls, the roof or the heating system, so that no genuine issue of fact in regard to the alleged findings of the Building Inspector is raised.

The affidavit on behalf of the landlord states that it was unable to rent the demised premises until August, 1969. The allegation in the tenant's affidavit that the landlord "did in fact rerent the premises and in any event did occupy the premises in question after January, 1969 when the defendant vacated" is in no way inconsistent with the affidavit filed on behalf of the landlord and raises no genuine issue of a material fact.

As Judge Finan stated, for the Court, in *Brown, supra*:

"It is never sufficient to defeat a motion for summary judgment that the opposing party allege in a general way that there is a dispute as to a material fact, and that in essence is what the appellant has done in the case at bar. The language used by former Chief Judge Prescott, speaking for the Court in *Tri-State Properties, Inc. v. Middleman*, 238 Md. 41, 207 A. 2d 499 (1965) is particularly appropriate, and states the reason for the rule that general allegations are not sufficient to defeat a motion for summary judgment. In that case we said:

" '* * * If this were not so [the rule that general allegations are insufficient in opposition to a motion for summary judgment], the real and crucial purposes of summary judgment procedure — to avoid delays and unnecessary costs — would be subverted and thwarted, for if one could simply make a gen-

eral denial or a bald statement that material facts were in dispute, without the actual statement of such evidentiary facts, there would be few, if any, summary judgments granted. We hold the above allegations failed to disclose a genuine dispute of material facts.' 238 Md. at 47, 207 A. 2d at 502.''
(260 Md. 251, 257-258, 272 A. 2d at 45-46.)

The lower court was additionally of the opinion that the tenant was concluded by the doctrine of *res judicata* on the issue of the renewal of the lease by the judgment entered in Law No. 40,164. There is much force in that conclusion but in view of our opinion that no genuine dispute in regard to a material fact has been raised, it is unnecessary for us to pass upon this question.

*Judgment affirmed, the appellant to pay the costs.*