473 A.2d 509

**HOWARD COUNTY, Maryland**

v.

**David K. EBERHART, et al.**

**No. 776, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

April 9, 1984.

Paul T. Johnson, Sr. Asst. County Sol., with whom was Timothy E. Welsh, County Sol., Howard County, on brief, for appellant.

David A. Carney, Ellicott City, with whom were Reese & Carney, Ellicott City, on brief, for appellees.

Argued before MOYLAN, ADKINS and BELL, JJ.

BELL, Judge.

Howard County, Maryland (County) appeals from a decree of the Circuit Court of Howard County dismissing the County's Bill of Complaint to enjoin David K. Eberhart, owner, and Eberhart's Inc., lessees, (Eberhart) from the use of real property for truck storage and rental, and lawn equipment sales and repair in alleged violation of the Howard County zoning regulations.

On appeal, the County asks us to consider whether the court properly invoked the doctrine of res judicata, asserted as a defense by Eberhart and dismissed the case on a motion for summary judgment. We reverse because there was a disputed issue of material fact.

### FACTS

Since 1968, Eberhart operated the subject property, 8300 Baltimore National Pike, as a gasoline service station. At one time, Eberhart leased the property from its then owner Carl M. Meyer. Eberhart is the present owner. The incorporation of Eberhart's Inc. in 1972 and its involvement is not material in this case. Section 3 of the lease between Eberhart and Meyer executed in February 1968, provides in pertinent part that the lessee will:

> Not permit the use of said property for any purposes whatsoever other than those of a filling station operation with accessory uses and for the repair of and sale of lawn mowers and lawn mower equipment, if this latter use is permitted under the zoning laws of Howard County.

The Howard County Zoning Commissioner issued a Cease and Desist Order to Eberhart in November of 1968 alleging that the gasoline station was a non-conforming use of the property, and that the non-conforming use had been illegally extended to include the sale of lawn mowers, lawn equip-

ment, and snow blowers. The Commissioner declared the extension to be in violation of Section 20.04 of the zoning regulations and ordered the owner and lessee to discontinue the alleged illegal extensions. In February of 1971, a similar order was issued to Meyer alleging that the extensions of the non-conforming use violated zoning regulations.

The Zoning Chief issued another order to Meyer in April of 1971, alleging that the use of the property as a gasoline station was an illegal non-conforming use because it had been abandoned for a period greater than three years in violation of Section 20.05 of the zoning regulations. Section 20.05 states:

A non-conforming use, situated in the Residential Districts, which shall remain idle and unused for a continuous period of 3 years, shall be considered abandoned as a non-conforming use and thereafter such building or land shall not be used for a non-conforming use.

This order mentioned nothing about the alleged illegal extensions of the use discussed in the prior orders. It simply stated the property had been abandoned from September 1964 until April 1968, and therefore the non-conforming use as a gasoline station was considered abandoned.

Howard County then filed suit against Meyer and Eberhart (Equity No. 8250) alleging in pertinent part:

That investigation has revealed that the Co-Defendant, David K. Eberhart, is operating a gasoline service station on subject property, a use not permitted by the Zoning Regulations; and that despite cease and desist orders from the Zoning Enforcement Officer, said illegal use has been continued by the Co-Defendant, David K. Eberhart, and has been permitted by the owner of said property, Carl M. Meyer.

The County requested the court to grant an injunction ordering the defendant to cease all commercial operations in the residential zone.

On April 12, 1973, the court granted the injunctive relief. Upon reconsideration, the court vacated the decree and

dismissed the complaint, holding that the party seeking to enjoin a validly established non-conforming use bore the burden of proof, and that, in this case, the County had failed to establish by a preponderance of the evidence that the non-conforming use had been abandoned for the entire three year period.

On July 25, 1978, Howard County instituted the present action (Equity No. 12014), alleging (1) that the use of the property for storing and leasing trucks and for the sale and repair of lawn mowers was an illegal extension of the non-conforming use, and (2) that Eberhart graded and filled the land in violation of the Sediment and Erosion Section of the Code. The County asked the court to enjoin the use of the property for truck storage and leasing and for lawn mower sales and repairs, and to order Eberhart to comply with the Code regarding the filling and grading of the subject property. Eberhart answered, raising several defenses including that of res judicata.

Howard County moved for summary judgment pursuant to Maryland Rule 610, alleging that there is no genuine dispute that "Respondents are currently utilizing the subject property for the storage and leasing of trucks and for the sale and repair of lawn mowers." The motion did not mention the filling and grading violations. Eberhart filed an opposition to the summary judgment motion, asserting that there was a genuine dispute of a material fact. In an accompanying affidavit, Eberhart again raised the defense of res judicata by asserting that all issues concerning the use of the subject property were resolved in the former suit. Eberhart did not file a cross motion for summary judgment nor did he set forth any facts in support of his conclusion that all issues had been settled by the prior suit. The court denied the County's motion, but entered summary judgment in favor of Eberhart and dismissed the County's Complaint.

I. *Appealability*

Two separate claims were asserted in the instant action, one regarding the alleged illegal extended uses in violation

of section 20.04 of the Howard County Zoning Regulations and the other regarding the alleged grading and landfill violations of Title 3 "Buildings" Subtitle 4 "Sediment and Erosion Control" Sections 3.400 and 3.402 of the Howard County Code. The circuit court order dismissed the Bill of Complaint only "as to all alleged *zoning violations* mentioned therein." (Emphasis added). The order never mentioned the grading and landfill violations and it would seem, therefore, that those aspects of the county's bill of complaint are still before the circuit court. Based on Rule 605 a, which provides that one may not appeal a partial summary judgment unless the court's order certifies there is no "just cause for delay," it would appear at first blush that since there was no final judgment as to the latter issue and the court did not certify its order, that we have no jurisdiction.

In this case, however, the court, by dismissing the complaint as to the alleged illegal extended uses refused to grant the request that Eberhart "be enjoined and restrained from utilizing the subject property for purposes of storing and leasing trucks, lawn mowers and similar equipment . . ." By virtue of § 12–303(c)(3) of the *Courts and Judicial Proceedings Article,* which provides

[a] party may appeal from any of the following interlocutory orders entered by the circuit court in a civil case:

\* \* \* \* \* \*

(c) An order:

(3) Refusing to grant an injunction . . . (Md.Code, 1974 Repl.Vol.1980),

this Court has jurisdiction.

An order refusing to grant an injunction in a multiple claim action has been upheld as a statutorily appealable order on several occasions. *See Pappas v. Pappas,* 287 Md. 455, 413 A.2d 549 (1980); *Funger v. Mayor of Somerset,* 244 Md. 141, 223 A.2d 168 (1966); *Della Ratta v. Dixon,* 47 Md.App. 270, 422 A.2d 409 (1980). Judge Wilner in *Della Ratta, supra,* explained the apparent incongruity between Rule 605 a and § 12–303, stating at p. 277, 422 A.2d 409:

The Court of Appeals has made clear that if an appeal is allowed under § 12–303 (or its predecessor statutes), it may be taken without regard to the provisions or conditions of Rule 605a. The Rule, in other words, does not serve to preclude or limit an appeal permitted by the statute. (Citations omitted).

Accordingly, we turn our attention to the issue raised.

    II.  Did the court properly dismiss the case on summary judgment motion by invoking the doctrine of res judicata?

Pursuant to Maryland Rule 610(d)(1), which provides in pertinent part,

Where appropriate, the court on the hearing may render judgment for the opposing party even though he has not filed a cross motion for summary judgment,

the court denied the County's motion and sua sponte entered summary judgment, based on res judicata, in favor of Eberhart. The County now contends that the court erred in applying that principle.

Rule 610(d) of the Maryland Rules of Procedure provides that summary judgment will be granted if the pleadings, depositions, and admissions on file, together with the affidavits, show there is no genuine dispute as to any material fact. Summary judgment procedure under Rule 610 is not a substitute for trial, but rather is a determination of whether there are disputed issues of fact that should be tried. *Impala Platinum v. Impala Sales,* 283 Md. 296, 326, 389 A.2d 887 (1978); *Merchants Mortgage Co. v. Lubow,* 275 Md. 208, 217, 339 A.2d 664 (1975); *Greenwell v. American Guaranty,* 262 Md. 102, 109, 277 A.2d 70 (1971); *Kirsner v. Fleischmann,* 261 Md. 164, 169, 274 A.2d 339, *cert. denied,* 404 U.S. 856, 92 S.Ct. 102, 30 L.Ed.2d 97 (1971). The purpose of a hearing on a motion for summary judgment is not to try the case on the merits, but rather to decide whether any real dispute as to material facts exists. *Shatzer v. Kenilworth Warehouses,* 261 Md. 88, 274 A.2d 95 (1971); *Brown v. Suburban Cadillac Inc.,* 260 Md. 251, 254–255, 272 A.2d 42

(1971). In *Fenwick Motor Co., Inc. v. Fenwick,* 258 Md. 134, 138, 265 A.2d 256, 258 (1970), the Court said:

> In a summary judgment proceeding, even where the underlying facts are disputed, if those facts are susceptible of more than one permissible inference, the choice between those inferences should not be made as a matter of law, but should be submitted to the trier of fact. (Citations omitted).

One who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and any doubt as to the existence of such an issue is resolved against the movant. *Medical Mutual Liability v. Mutual Fire,* 37 Md.App. 706, 712, 379 A.2d 739 (1977); *See also Merchants Mortgage Co. v. Lubow,* 275 Md. 208, 339 A.2d 664 (1975). Moreover, all inferences must be resolved against the moving party even if the underlying facts are undisputed. *Berkey v. Delia,* 287 Md. 302, 413 A.2d 170 (1980), and cases there cited.

██ Under the doctrine of res judicata, if two causes of action are the same, and the parties or their privies are the same, the first judgment bars parties in a second action from raising matters which were decided or which could have been decided in the first action.[1] *MPC, Inc. v. Kenny,* 279 Md. 29, 367 A.2d 486 (1977). Therefore, only if Howard County could have litigated the alleged illegality of the truck rental and storage use and the lawn mower sales and repair use in 1971 when it originally filed suit alleging abandonment, would it now be barred from raising these issues.

As stated above, the moving party has the burden to prove there was no dispute of material fact. This case has a twist, however, in that neither party moved for summary judgment on grounds of res judicata. Rather, the court sua sponte granted summary judgment to Eberhart. Neverthe-

---

1. No question was raised below on whether the parties were the same.

less, since Eberhart raised the issue of res judicata, Eberhart bears the same burden as if he had actually moved for summary judgment on those grounds. Eberhart did not meet that burden.

The court concluded that the County could have litigated the issues in the original suit because it believed the County was aware of the existence of the extended uses. It based this conclusion on the 1968 lease between Meyer and Eberhart which permits the accessory use of repair and sale of lawn mowers, and on the County's purported concession that the truck rental business was in effect at the time of the prior suit.

■ We find the court's reliance misplaced. First the fact that the lease executed in 1968 permitted the extended use does not necessarily lead to the conclusion that such uses were in existence at the time the suit was filed. Second, the County did not concede knowledge of existence of the uses. The County Attorney merely stated, and we quote:

I don't think there's any dispute that these property— these uses *existed starting in 1968* at which time they were not—not legal uses. (Emphasis added).

We do not interpret this statement to concede that the extended uses were in effect at the time of the original suit, April 24, 1972.

In addition, the fact that cease and desist orders were issued on November 4, 1968 to Eberhart and on February 22, 1971 to Meyer does not in and of itself lead to the conclusion that the County was aware of the extended uses on April 24, 1972 either. There is no reason to believe that Eberhart did not cease the alleged illegal extended uses for a period of time.

■ Based on the record before us, since all interences must be resolved against Eberhart, we hold there was insufficient evidence for the court to conclude that there was no genuine dispute as to whether the extended uses existed at the time the first suit was brought. Therefore, the court

erred in granting summary judgment in favor of Eberhart based on res judicata.

JUDGMENT REVERSED.

COSTS TO BE BORNE EQUALLY BY APPELLEES AND APPELLANT.